UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

CLERK
U.S. BANKRUPTCY
EASTERN DISTRICT OF
NEW YORK

------------------------------------------------------X

2017 FEB 10  A 11: 08

In re:                                                                        Chapter 7

RECEIVED    **Case 8-17-70584-reg**
            Index No 2016-2857NC

Jeffrey Amster and

**ORDER TO SHOW CAUSE**
**For Relief From Stay**

Laura Amster

                            Debtors,

------------------------------------------------------X

Upon the annexed application of Movant, YingHui He, the agent for WanRong Zhai,

Landlord seeking entry of an Order to Lift the Automatic Stay based on the Objection by

YingHui He, agent for Landlord to the Certification of the Debtors filed pursuant to USC

362(b)(2), it is

ORDERED that the Debtors show cause at _9:30_____O'clock__ AM on the date of __

_____ _____ ____or as soon thereafter as Movant may be heard before the

Honorable Robert E Grossman, Bankruptcy Judge in Courtroom _____at United States

bankruptcy Court located at 290 Federal Plaza, Central Islip,NY11722, why this Court should not

enter an Order to dissolve the automatic stay in bankruptcy and allowing petitioner herein to

complete the eviction of the debtors from the premises owned by the petitioner, dispensing

with the necessity of a memorandum of law and granting such other and further relief as the

Court deem appropriate pursuant to 11 USC 362(d).

ORDERED that Service of this Order to Show Cause together with the application her

served on or before the end of the business day on __ _____,upon Jeffrey Amster

and  Laura Amster , and upon the Trustee at Allan B. Mendelsohn, LLP located at 38

New Street, Huntington,NY11743 and United States trustee.

ORDERED that objections, if any, to the relief requested shall be made in writing,

shall set forth with particularity, the grounds for such objection and shall be filed with the Clerk of the Court along with an extra copy marked "Chambers Copy", Trustee, United States Trustee, and the Movant on or before _____; and its further

OREDERED that the hearing scheduled herein may be adjourned by the Court, from time to time, without further notice other than announcement of the adjourned hearing date in open court.

Dated:_____ New York

/s/_____

Hon. Robert E. Grossman
United States bankruptcy Judge

Jeffrey Amster
Debtor/Tenant  Pro Se
288 Continental Dr, New Hyde Park, NY 11040


Laura Amster
Debtor/Tenant  Pro Se
288 Continental Dr, New Hyde Park, NY 11040


**Allan B. Mendelsohn**

**Allan B. Mendelso hn, LLP**

**Chapter 7 Trustee**

**38 New Street,Huntington,NY11743**

**631-923-1625**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

CLERK
U.S. BANKRUPTCY
EASTERN DISTRICT OF
NEW YORK

2017 FEB 10  A 11: 08

RECEIVED

-----------------------------------------------------X

In re:                                                          Chapter 7

                                                       Case 8-17-70584-reg
                                                       L/T Index No.: 2016-2857NC

**Jeffrey Amster and**

**Laura Amster**                              **AFFIDAVIT**

                    Debtors,

-----------------------------------------------------X

State of New York    )

County of New York  ) SS:

1. *I, Yinghui He, an attorney duly admitted to practice law before the Court of the State of New York. I am the agent of WanRong Zhai ("Creditor"), the landlord of the Debtors.*
   *A copy of POA is annexed as **exhibit A**.*

2. I am fully familiar with all the facts and circumstances as stated below and make this affidavit in support of my application for relief from the automatic stay in bankruptcy. Unless otherwise indicated, all statements are made herein are on the basis of actual knowledge.

3. Creditor is the owner of the premises ( " Premises " ) known as 288 Continental Dr, New Hyde Park, NY 11040

4. The debtors were the tenants occupying the entirety of said premises. While their tenancy has now been terminated by the Decision & Order of Appellate Term of the Supreme Court of the State of New York For the 9th & 10Th Judicial Districts on January 27, 2017, the debtors remain in possession of the Premises.

5. On or about May 24, 2016, Creditor brought a nonpayment proceeding to evict the debtors from the premises. At that time the tenants were in arrears on their rent or use and occupancy in amount of $10,498.60. This proceeding was brought in Nassau County District Court, First District under index number LT2540/16.

1

6. On or about July 28, 2016, the case was settled by stipulation that Debtors agreed to pay the arrears in amount of $11,900 by three installments in addition to the regular monthly rent of $3400 and any default in payment, Landlord is entitled to the money judgment and possession judgment without trial. *A copy of Stipulation is annexed as* **exhibit B.**

7. The Debtors only paid $3400 for one installment and failed to pay the balance $8500 for the arrear in addition to the regular month rent since September, 2016. As such the Debtors breached the stipulation which made Creditor entitled to possession judgment and money judgment as stated in the stipulation.

8. On or about October 4, 2016, the Nassau County District Court granted Creditor the Judgment of Possession and issued the Warrant of Eviction and money judgment in amount of $8500. *A copy of Warrant of Eviction & money judgment are annexed as* **exhibit C.**

9. On or about October 21, 2016, Nassau Sheriff Department served for the **first time** to the Debtors 72 hours Notice to Vacate from the Premises. *A copy of Notice of Eviction is annexed as exhibit D.*

10. One day before effecting the eviction, The Debtors filed Order to Show Cause to stay the Eviction by claiming that the Creditor did not have the rent permit for the Premises. However the inspection failed due to Debtors' refusing to give an access to the inspector and later illegally converted the basement for the living area. *A copy of Inspection reports is annexed as Exhibit E.*

11. On or about November 18, 2016, the Hon Judge Scott J. Fairgrieve ordered that all stays are vacated and the decision awarded Creditor immediate Possession of the Premises, the Debtors must vacate the premises <u>without</u> 72 hours notice. This was the **second time** the debtors were served an Eviction notice. *A copy of Order of the District Court of Nassau County is annexed as exhibit F.*

2

12. The Debtors filed an Appeal by Order to Show Cause to Supreme Court of The State of New York **Appellate Term** and stayed the Eviction which later was denied **on Jan 27, 2017**. *A copy of DECISION & ORDER ON MOTION from Appellate Term of Supreme Court is annexed as **exhibit G**.*

13. On January 31, 2017, the Creditor attempted gain to execute upon the Warrant of Eviction. Nassau Sheriff Department for the **third time** served the Debtors 72 hours Eviction Notice. The next Day On **Feb 1, 2017** Debtors filed the instant proceeding to stay the eviction.

14. There has not been any rent or use and occupancy paid at all for the months of September, October, November, December, 2016 and January and February 2017 in addition to the previous arrear in amount of $8500 in total amount of amount of **$28,900**, although the debtor remains in the premises.

15. The debtor has failed to make any good faith payment of use and occupancy. Accordingly Creditor has no source of funds to pay the the taxes and the insurance on the property.

16. Under the bankruptcy Reform Act, 11 USC 362 (d,) in that the debtor no longer has an interest which could be protected by the automatic stay. Upon the issuance of a Judgment of Possession and the warrant of eviction prior the Bankruptcy was filed, the Landlord -tenant relationship between the affiant and the debtor was terminated. Accordingly, this is grounds for dissolving the automatic stay.

17. In order to vacate the stay under 11 USC 362(d) it is necessary to find cause. That cause has been found when one manipulates one's court filings so as to defeat the lawful objectives of one's adversary. Here, the timing of the filing of bankruptcy petition immediately on the eve of the Sheriff's execution of the warrant of eviction qualifies as cause under the statute for lifting the stay. **(Footnote 1)**

---

Footnote 1 - The prior filings were in 1998 (98-14152). This was the only bankruptcy debtors here filed which was carried through to completion and discharge.
Debtors filed again in 2008 (09-78918), which case was dismissed.
Debtor filed again in 2011 (11-77031), which case was dismissed.
The Debtors filed again in 2012 (12-74012), which case was dismissed.
The Debtors filed again in 2015 (15-74765), which case was dismissed

18. Also, the cause can be found under 11 USC 362 (d,), the Debtors also lied to the Court by filing the inaccurate and incomplete bankruptcy forms which shall be deemed the bankruptcy fraud and is a serious crime. The Debtors deliberately did not check the box "have you filed the bankrupt last 8 years?" on both the Applications for fee waived which is stated on Part 4, #20 and Petition Part2, #9.  On information and belief, the debtors who have filed bankruptcy at least **SIX** prior times, filed their 2009 bankruptcy in order to frustrate their then Creditor who was on the verge of evicting debtors for non-payment for same identical way to try to stay the eviction. Therefore **The Debtors should be fine or imprisoned for such bankruptcy fraud filing.**

19. The debtor has shamelessly manipulated the system for all these many months by first failing to pay the agreed rent, then by claiming in a Court conference in landlord/tenant Court that he had just sent a payment to Creditor or the agent, flashing copies of checks which Creditor or agent had never received.  In addition the Debtors Illegally converted the basement for living spaces. The Debtors deliberately filed an appeal which had no merit. Now they have filed bankruptcy, all with the purpose of manipulating the judicial court system and frustrate the eviction to stay in the premise without paying any Use and Occupancy

20. Moreover, The Debtors also willfully delayed the proceedings by not serving the petition paper to Creditor.  The Creditor has never given the address listed on his petition. They clearly knew the Creditor lives in China and I had the POA for all the matters related to Eviction matters since the nonpayment was initiated in May 2016.

21. The trustee and the Court have no interest in the subject premises. The landlord-tenant relationship was terminated prior to the Chapter 7 filing by the issuance of the warrant of eviction. The Debtors are abusing and flouting the bankruptcy system to detriment of the Creditor. This is the Seventh bankruptcy.  The Debtor deliberately lied to the Court on their application, such conduct should not be lightly viewed by this Court but should be fined and/or imprisoned.

4

22. Cause for relief from the automatic stay has been amply demonstrated.  Additionally, debtors have no equity in the Premises. The Creditor is entitled to relief from the automatic stay so as to enable the Creditor to execute upon a Warrant of Execution previously granted under a non-payment proceeding in Landlord and Tenant Court for the Debtors' eviction in the District Court of the State of New York, County of Nassau Hempstead part.

23. Presently the Debtor owed the total amount of Use and Occupancy in the amount of $$**28,900** exclusive of legal fees.

24. It is established from all the documents and the Debtors' conduct that there are no outstanding issues of fact. That the application must be granted.

25. No previous application for this relief has been sought.

WHEREFORE, affiant respectfully requests that this Court grant the relief as set forth in the foregoing affidavit including but not limited to vacating the automatic stay as it pertains to the eviction of debtor from 288 Continental Dr, New Hyde Park, NY 11040 and holding that the automatic stay shall not apply to this Premise without further Court Order and grant such other and further relief as to the Court may seem appropriate

YingHui He as agent for Wan Rong Zhai, Creditor

Sworn to before me this

___ day of _Feb_ ., 20_17_

WEI JI
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY, LIC, #02JI6213759
COMM. EXP. _____

Notary Public

5

# EXHIBIT A

Form NY- 019   Power of Attorney, Statutory Short Form, Effective 9/12/2010 FIDELITY NATIONAL TITLE INSURANCE COMPANY
CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT – THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

# POWER OF ATTORNEY
# NEW YORK STATUTORY SHORT FORM

(a) CAUTION TO THE PRINCIPAL:   Your Power of Attorney is an important document.  As the "principal," you give the person whom you choose (your "Agent") authority to spend your money and sell or dispose of your property during your lifetime without telling you.  You do not lose your authority to act even though you have given your Agent similar authority.

When your Agent exercises this authority, he or she must act according to any instructions you have provided or, where there are no specific instructions, in your best interest.  "Important information for the Agent" at the end of this document describes your Agent's responsibilities.

Your Agent can act on your behalf only after signing the Power of Attorney before a notary public.

You can request information from your Agent at any time. If you are revoking a prior Power of Attorney, you should provide written notice of the revocation to your prior Agent(s) and to any third parties who may have acted upon it, including the financial institutions where your accounts are located.

You can revoke or terminate your Power of Attorney at any time for any reason as long as you are of sound mind. If you are no longer of sound mind, a court can remove an Agent for acting improperly.

Your Agent cannot make health care decisions for you.  You may execute a "Health Care Proxy" to do this.

The law governing Powers of Attorney is contained in the New York General Obligations Law, Article 5, Title 15.  This law is available at a law library, or online through the New York State Senate or Assembly websites, www.senate.state.ny.us or www.assembly.state.ny.us.

**IF THERE IS ANYTHING ABOUT THIS DOCUMENT THAT YOU DO NOT UNDERSTAND, YOU SHOULD ASK A LAWYER OF YOUR OWN CHOOSING TO EXPLAIN IT TO YOU.**

(b) DESIGNATION OF AGENT(S):

I, WanRong Zhai, residing at 20 West Street,Apt23H,NewYork,NY10004 , hereby appoint:
name and address of principal

   YingHui He, residing at 20 West Street,Apt23H,NewYork,NY10004 , as my Agent(s)
name(s) and address(es) of AGENT(s)

If you designate more than one agent above, they must act together unless you initial the statement below.
(   ) My Agents may act **SEPARATELY**.

(c) DESIGNATION OF SUCCESSOR AGENT(S): (OPTIONAL)
If any Agent designated above is unable or unwilling to serve, I appoint as my successor Agent(S):

_____

name(s) and address(es) of successor Agent(s)

Successor Agents designated above must act together unless you initial the statement below.

( ) My successor Agents may act **SEPARATELY**.

YOU MAY PROVIDE FOR SPECIFIC SUCCESSION RULES IN THIS SECTION. INSERT SPECIFIC SUCCESSION PROVISIONS HERE:

(d) This Power of Attorney shall not be affected by my subsequent incapacity unless I have stated otherwise below, under "Modifications".

(e) This Power of Attorney does not revoke any Powers of Attorney previously executed by me unless I have stated otherwise below, under "Modifications."

If you do not intend to revoke your prior powers of attorney, and if you have granted the same authority in this Power of Attorney as you granted to another Agent in a prior Power of Attorney, each Agent can act separately unless you indicate under "modifications" that the Agents with the same authority are to act together.

(f) GRANT OF AUTHORITY: To grant your Agent some or all of the authority below, either

(1) Initial the bracket at each authority you grant, or

(2) Write or type the letters for each authority you grant on the blank line at (P), and initial the bracket at (P). If you initial (P), you do not need to initial the other lines.

**I grant authority to my Agent(s) with respect to the following subjects as defined in sections 5-1502A through 5-1502N of the New York General Obligations Law:**

( ) (A) real estate transactions;

( ) (B) chattel and goods transactions;

( ) (C) bond, share, and commodity transactions;

( ) (D) banking transactions;

( ) (E) business operating transactions;

( ) (F) insurance transactions;

( ) (G) estate transactions;

( ) (H) claims and litigation;

( ) (I) personal and family maintenance. IF YOU GRANT YOUR AGENT THIS AUTHORICY, IT WILL ALLOW THE AGENT TO MAKE GIFTS THAT YOU CUSTOMARILY HAVE MADE TO INDIVIDUALS, INCLUDING THE AGENT, AND CHARITABLE ORGANIZATIONS. THE AMOUNT OF ALL SUCH GIFTS IN ANY ONE CALENDAR YEAR CANNOT EXCEED FIVE HUNDRED DOLLARS;

( ) (J) benefits from governmental programs or civil or military service;

( ) (K) health care billing and payment matters; records, reports and statements;

( ) (L) retirement benefit transactions;

( ) (M) tax matters;

( ) (N) all other matters;

( ) (O) full and unqualified authority to my Agent(S) to delegate any or all of the foregoing powers to any person or persons whom my Agent(s) select;

(P) EACH of the matters identified by the following letters A,B,C,D,E,F,G,H,I,J,K,L,M,N,O

**You need not initial the other lines if you initial line (P).**

(g) MODIFICATIONS: (OPTIONAL)
In this section, you may make additional provisions, including language to limit or supplement authority granted to your Agent. However, you cannot use this Modifications section to grant your Agent authority to make gifts or changes to interests in your property. If you wish to grant your Agent such authority, you MUST complete the Statutory Gifts Rider.


(h) CERTAIN GIFT TRANSACTIONS: STATUTORY GIFTS RIDER (OPTIONAL)
In order to authorize your Agent to make gifts in excess of an annual total of $500 for all gifts described in (i) of the grant of authority section of this document (under personal and family maintenance), you must initial the statement below and execute a Statutory Gifts Rider at the same time as this instrument. Initialing the statement below by itself does not authorize your Agent to make gifts. The preparation of the Statutory Gifts Rider should be supervised by a lawyer.

(    ) (SGR) I grant my Agent authority to make gifts in accordance with the terms and conditions of the Statutory Gifts Rider that supplements this Statutory Power of Attorney.

(i)    DESIGNATION OF MONITOR(S): (OPTIONAL)
IF YOU WISH TO APPOINT MONITOR(S), INITIAL AND FILL IN THE SECTION BELOW:
(      ) I wish to designate           ,
Whose address(es) is (are)           ,
as monitor(s). Upon the request of the monitor(s), my Agent(s) must provide the monitor(s) with a copy of the Power of Attorney and a record of all transactions done or made on my behalf. Third parties holding records of such transactions shall provide the records to the monitor(s) upon request.

(j) COMPENSATION OF AGENT(S): (OPTIONAL)
Your Agent is entitled to be reimbursed from your assets for reasonable expenses incurred on your behalf. If you also wish your Agent(s) to be compensated from your assets for services rendered on your behalf, initial the statement below.    If you wish to define "reasonable compensation", you may do so above, under "Modifications".
(   ) My Agent(s) shall be entitled to reasonable compensation for services rendered.

(k) ACCEPTANCE BY THIRD PARTIES: I agree to indemnify the third party for any claims that may arise against the third party because of reliance on this Power of Attorney. I understand that any termination of this Power of Attorney, whether the result of my revocation of the Power of Attorney or otherwise, is not effective as to a third party until the third party has actual notice or knowledge of the termination.

(l) TERMINATION: This Power of Attorney continues until I revoke it or it is terminated by my death or other event described in section 5-1511 of the General Obligations Law. Section 5-1511 of the General Obligations Law describes the manner in which you may revoke your Power of Attorney, and the events which terminate the Power of Attorney.

(m) SIGNATURE AND ACKNOWLEDGMENT:

In Witness Whereof I have hereunto signed my name on ___4/24___ , 20 15

PRINCIPAL signs here: ==> _____

STATE OF    New York              , COUNTY OF         New York         } ss.:

*On the 24th day of    April      in the year 2015   , before me, the undersigned, personally appeared*
*WANRONG ZHAI , personally known to me or proved to me on the basis of satisfactory  evidence to be the*
*individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that*
*he/she/they executed the  same in his/her/their capacity(ies), and that by his/her/their signature(s) on the*
*instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the*
*instrument.*

**Sign Above and Affix Stamp**

RONG LI
Notary Public, State of New York
No. 01LI6246745
Qualified in Kings County
Commission Expires Aug. 15, 2015

(n) IMPORTANT INFORMATION FOR THE AGENT:

When you accept the authority granted under this Power of Attorney, a special legal relationship is created between you and the principal. This relationship imposes on you legal responsibilities that continue until you resign or the Power of Attorney is terminated or revoked. You must:

(1) act according to any instructions from the principal, or, where there are no instructions, in the principal's best interest;

(2) avoid conflicts that would impair your ability to act in the principal's best interest;

(3) keep the principal's property separate and distinct from any assets you own or control, unless otherwise permitted by law;

(4) keep a record or all receipts, payments, and transactions conducted for the principal; and

(5) disclose your identity as an Agent whenever you act for the principal by writing or printing the principal's name and signing your own name as "Agent" in either of the following manners: (Principal's Name) by (Your Signature) as Agent, or (your signature) as Agent for (Principal's Name).

You may not use the principal's assets to benefit yourself or anyone else or make gifts to yourself or anyone else unless the principal has specifically granted you that authority in this document, which is either a Statutory Gifts Rider attached to a Statutory Short Form Power of Attorney or a Non-Statutory Power of Attorney. If you have that authority, you must act according to any instructions of the principal or, where there are no such instructions, in the principal's best interest. You may resign by giving written notice to the principal and to any co-Agent, successor Agent, monitor if one has been named in this document, or the principal's guardian if one has been appointed. If there is anything about this document or your responsibilities that you do not understand, you should seek legal advice.

Liability of Agent: The meaning of the authority given to you is defined in New York's General Obligations Law, Article 5, Title 15. If it is found that you have violated the law or acted outside the authority granted to you in the Power of Attorney, you may be liable under the law for your violation.

(o) AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APPOINTMENT:

It is not required that the principal and the Agent(s) sign at the same time, nor that multiple Agents sign at the same time.

I/we, YingHui He, have read the foregoing Power of Attorney. I am/we are the person(s) identified therein as Agent(s) for the principal named therein.

I/we acknowledge my/our legal responsibilities.

AGENT(s) sign(s) here: ==> _____

AGENT(s) sign(s) here: ==> _____

*STATE OF NewYork    , COUNTY OF NewYork    } ss.:*

*On the 24th day of    April   in the year 2015   , before me, the undersigned, personally appeared YingHui He  , personally known to me or proved to me on the basis of satisfactory  evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.*

RONG LI
Notary Public, State of New York
No. 01LI6246745
Qualified in Kings County
Commission Expires Aug. 15, 2015

*AFFIDAVIT OF EFFECTIVENESS* © *{TO BE COMPLETED BY AGENT(S) UPON DELIVERY OF THIS POWER}*

*STATE OF  NEW YORK*      , *COUNTY OF* NEW YORK        *}* *SS.:*

*YingHui He*                , *residing at*

*20 West Street,Apt23H,NewYork,NY10004*                (each) being duly sworn do(es) depose and say that I am (we are) the
*Agent(s) under the above Power of Attorney and that the Power of Attorney is in full force and effect. That (a) I/we do not have, at the
time of the transaction, actual notice of the termination or revocation of the Power of attorney, or notice of any facts indicating that
the Power of Attorney has been terminated or revoked; (b) I/we do not have, at the time of the transaction, actual notice that the
Power of Attorney has been modified in any way that would affect the ability of the Agent to authorize or engage in the transaction, or
notice of any facts indicating that the Power of Attorney has been so modified; and (c) if I/we was/were named as successor Agent(s),*

*the prior Agent(s) is no longer able or willing to serve. This affidavit if given for the purpose of the Agent executing a*

        *[describe documents that are executed]*

*knowing that*              , *will rely upon the representations made herein as inducement to accept such instrument(s) and this
Power of attorney as evidence of my/our authority to act*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*AGENT*
*Sworn to and Subscribed before me*
*this  21ᵗ day of  April ,2015*

. . . . . . . . . . . . . . . . . . . . . . . . . .
*(Notary Sign above and Affix Stamp)*

RONG LI
Notary Public, State of New York
No. 01LI6246745
Qualified in Kings County
Commission Expires Aug. 15, 20[..]

**STATUTORY POWER OF ATTORNEY**
*(Pursuant to General Obligations Law § 5-1513)*

Title No. _____

                                    District
                                    Section
                                    Block
        WanRong Zhai                Lot
                                    County or
        TO                          Town

        YingHui He                          *RECORDED AT REQUEST OF*
                                    **FIDELITY NATIONAL TITLE INSURANCE COMPANY**
                                            *RETURN BY MAIL TO:*



**FIDELITY NATIONAL TITLE**
**INSURANCE COMPANY**

*"Appreciate the Fidelity Difference!"*
*Member New York State Land Title Association*

YINGHUI HE,P.C

139 CENTRE ST, PH111
NewYork,NY10013
2122264481

RVE THIS SPACE FOR USE
RECORDING OFFICE

## EXHIBIT B

**DISTRICT COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**

Page 1 of 2

Part ____

—————————————————— x

WAN RONG ZHAI,
                    Petitioner

STIPULATION ____

Index No. LT - 2540-16

Mot. Cal. No. 5/8

JEFFREY AMSTER + LAURA
AMSTER           Respondents x

Date ____

IT IS HEREBY STIPULATED AND AGREED by and between the below-named attorney(s) as follows:

① RESPONDENTS MOTION FOR SUMMARY JUDGMENT
IS WITHDRAWN

② LANDLORD'S ATTORNEY SHALL PROVIDE TO RESPONDENT
A LETTER OF INDEMNIFICATION WITH RESPECT TO ALL
REPAIRS NEEDED TO BE DONE AT SUBJECT PREMISES

③ PETITIONER AGREES TO GRANT RESPONDENT ½ MONTH
($1700°°) RENTAL CREDIT IN RESOLUTION OF RESPONDENT'S
CLAIM FOR STORAGE FEES

④ RESPONDENT AGREES TO PAY PETITIONER THE
SUM OF $11,900°°, SAID SUM REPRESENTING
ALL RENTAL ARREARS OWED TO PETITIONER
THROUGH TODAY 7/28/16.

⑤ PAYMENTS WILL BE MADE IN ACCORDANCE
WITH THE SCHEDULE OUTLINED ON PAGE 2, #6

Date: 7/28/16

_____
Attorney for Plaintiff/Petitioner

So Ordered

_____
Attorney for Defendant/Respondent

ENTER: _____
         J.D.C.

_____
Attorney for Defendant/Respondent
        Jeffrey Amster

M-3536  DC 293  3/02

**COUNTY OF NASSAU**

Part _____

————————————————————— x

WAN RONG ZHAI
                    Petitioner

V.

JEFFREY Amster +
LAURA Amster   Respondents

STIPULATION _____

Index No. LT-2540-16

Mot. Cal. No. 5/8

Date 7/28/16

IT IS HEREBY STIPULATED AND AGREED by and between the below-named attorney(s) as follows:

#(6) Tenant Agrees to make following Payments Towards
Arrears, in Addition to Regular Monthly Rental
Payments, that Are Due on the 15th of Each Month
        A) By 7/30/2016 - $3,400.00
        B) By 8/31/2016 - $5,100.00
        C) By 9/30/2016 - $3,400.00
#7) Tenant Agrees to grant Access to Landlord,
her Agent, & Repairman, for necessary Repairs
And Inspections. Appointments will Be Monday
through Friday, Only, with 2 Days Prior Notice
Sent Via email And Acknowledged By All Parties.
#8) Any Default in Payment Petitioner Application ~~Restored~~ Shall be
    entitled to the money judgment and possession judgment without
                                                               trial.

X ——————————————————                    ——————————————————
   Petitioner Attorney                      Respondent Attorney

Date: July 28, 2016                     ——————————————————
                                        Attorney for Plaintiff/Petitioner

So Ordered                              ——————————————————
                                        Attorney for Defendant/Respondent

ENTER: _____                 ——————————————————
            J.D.C.                      Attorney for Defendant/Respondent

M-3536  DC 293  3/02

# EXHIBIT C

## Nassau County District Court · 1st District
## Landlord and Tenant Judgment

Petitioner(s):
Wanrong Zhai

**Index Number: LT-002540-16/NA**

vs.

Respondent(s):
Jeffrey Amster;
Laura Amster

A Notice of Petition and Non-Payment Petition duly verified and proof of service having been filed with this court and the issue having been settled between the parties, a final order is made, per default on stipulation of settlement in favor of Petitioner: Wanrong Zhai.

On Motion of:    Law Office Yinghui He, PC
139 Centre Street    PH111, New York, NY 10013-4559

### IT IS ADJUDGED:

That possession of the premises, described in the petition located at 288 Continental Dr, New Hyde Park, NY 11040-1004, said property is further described as: All rooms on All floors, be awarded to the petitioner(s), along with a monetary judgment in the amount of $8,500.00, plus costs and disbursements in the amount of $10.00, for a total judgment of $8,510.00.

Petitioner creditor(s) and address(es):
(1) Wanrong Zhai, at c/o Law Office Of Yinghui He, PC, 139 Centre Street    PH111, New York, NY 10013-4559

Respondent debtor(s) and address(es):
(1) Jeffrey Amster, at 288 Continental Dr, New Hyde Park, NY 11040-1004
(2) Laura Amster, at 288 Continental Dr, New Hyde Park, NY 11040-1004

### IT IS FURTHER ORDERED:

That a warrant of eviction shall issue removing Jeffrey Amster and Laura Amster from the described premises without Stay.

HON. JAMES DARCY

Date of Decision: 07/28/2016

District Court Judge

Judgment entered at Nassau County District Court - 1st District, 99 Main Street, Hempstead, NY 11550, in the STATE OF NEW YORK in the total amount of **$8,510.00 on 10/04/2016 at 03:33 PM.**

Judgment sequence 1

Sandra Lee, Clerk Civil Term

Nassau County District Court - 1st District
LANDLORD TENANT

*Lle le l523*

Wanrong Zhai
vs.
Jeffrey Amster et al.

Index Number: LT-002540-16/NA

WARRANT OF EVICTION

TO THE SHERIFF OF NASSAU COUNTY

Final decision in favor of the petitioner(s) has been granted based on the judgment of possession entered in the Nassau County District Court - 1st District on 10/04/2016, which awarded the petitioner(s) the delivery of the premises:
(1) Wanrong Zhai

Therefore, you are commanded to remove the respondent(s) listed below:
(1) Jeffrey Amster
(2) Laura Amster

And all other persons from the following described premises, located in the County of Nassau and to put said petitioner(s) in full possession thereof:
(1) 288 Continental Dr, New Hyde Park, NY 11040-1004
Said property is further described as: All rooms on All floors

Witness,  Honorable James M. Darcy
        District Court Judge

Dated: 10/04/2016

Sequence 1A

Honorable James M. Darcy
District Court Judge

Warrant Issued Without Stay

2016 OCT 18 AM 9: 28

RECEIVED SHERIFF'S DEP.
NASSAU COUNTY, N.Y.

# EXHIBIT D



EDWARD P. MANGANO
COUNTY EXECUTIVE

MICHAEL J. SPOSATO
SHERIFF

### COUNTY OF NASSAU
### SHERIFF'S DEPARTMENT
240 OLD COUNTRY ROAD
MINEOLA, NY 11501-4245
516-571-2150

DISTRICT COURT – COUNTY OF NASSAU

Sheriff's File No.: 1661523

_____

Petitioner

WANRONG ZHAI
-against-

JEFFREY AMSTER AND LAURA AMSTER

Respondent,

_____

# NOTICE TO VACATE

**TAKE NOTICE** that a final judgement has been entered in the above proceeding awarding the Petitioner possession of the real property which you now occupy, and that a warrant has been issued directing that the Petitioner be put in possession.

Please be advised that if you have not vacated the premises after seventy-two hours have elapsed from the date of the service of this notice, your possessions will be removed in compliance with the court order and stored at:

### BENNETT MOVERS
### 307A FRONT STREET
### HEMPSTEAD, N.Y.
### (516) 352 - 1848

It will be your responsibility to contact the storage facility directly in order to get your possessions back. After thirty days from the date your property is removed, you will be responsible for any additional storage costs.

Sheriff of Nassau County

Dated:   *10/11/16*
Mineola, N.Y.

By: _____
Deputy Sheriff

Note: If you are a <u>homeowner</u> facing foreclosure and require assistance, please contact the Nassau County Office of Housing, Homeownership Center's Hotline at 516-571-HOME(4663) or email mabreu@nassaucountyny.gov.

If you are a <u>tenant</u> and require legal assistance, contact the Nassau County Bar Association LawyerReferral Information Service at 516-747-4832 or Nassau/Suffolk Legal Services at 516-292-8100

# EXHIBIT E

# Town of North Hempstead
Department of Building, Safety, Inspection & Enforcement

## Inspection Report

| Inspector: LAURINO | | Date: 8-11-16 |
|---|---|---|
| Address: 288 Continental Dr. Manhasset Hills | | Time: 10:50AM |
| Permit# | SBL# | CSR# |

**Inspection for:** Rental Permit

- Need Smoke Alarm installed in Cellar
- Bed Needs to be from ceiling

IMMEDIATELY No sleeping in cellar at any
time in cellar. _____ storage
use only.

Complete for following

Reinspection on Tuesday 8/16/16
Between _____

☐ PASS   ☒ FAIL   ☐ NOTICE OF VIOLATION

This inspection report is limited to the identified items only. This inspection report
does not imply completion or acceptance of any conditions not specifically
identified hereon. Failed items require re-inspection.

Inspector: _____

Owner/Rep Print: _____

Sign: X _____    Date: 8-11-16



# Town of North Hempstead
### Department of Building, Safety, Inspection & Enforcement
## Inspection Report

**Inspector:** Anthony Laurino

**Date:** 10/02/2015    **Time:** 8:24 am

**Address:** 288 CONTINENTAL DR
NEW HYDE PARK, NY 11040

**Application #** 2015-106106-RR
**Permit #**

**SBL#** 8 - 269 - 00140

**Inspection Type:** RR - Inspection for Rental Registration

## Inspection Result: Failed

**To cancel or change your inspection appointment, please call the office at 516-869-2464**

No electric on at property. Owner rep told we need lights in order to perform inspection. Cannot see cellar. Dec- 30 - could not inspect no access to bedrooms .

**1.    RR / Inspection**

01-Exterior: House sound, grounds maintained.
1st Failure -

**2.    RR / Inspection**

02-Kitchen: Plumbing working.  Hot & cold water.
1st Failure -

**3.    RR / Inspection**

03-Bathroom: Plumbing working.  Hot & cold water.
1st Failure -

**4.    RR / Inspection**

04-Bathroom(s) working exhaust fan or window.
1st Failure -

**5.    RR / Inspection**

05-No key locks on egress side of exterior doors.
1st Failure -

**6.    RR / Inspection**

06-Operable smoke detectors all bedrooms,

# **EXHIBIT F**

**DISTRICT COURT OF NASSAU COUNTY**
**FIRST DISTRICT**                                       SHORT FORM ORDER (CPLR 5015)

_____ X
                                                         Index No. _LT - 2540_
                                                         Return Date _____
                                         Plaintiff(s),   Present: Hon. _____
                                                                        District Court Judge

        -against-

                                                         The following papers were considered by the
                                         Defendant(s)    Court on this motion:
                                              X              Notice of Motion / OSC & Affidavit ........
        (Initial if applicable)                             Affirmation in Response .....................
                                                            Reply Affidavit ..................................

        The defendant(s) motion pursuant to CPLR 5015, for an order vacating and setting aside the
        within judgment is/are denied upon the ground that:
        (Initial if applicable)

                    The defendant(s) failed to appear in court.
        _____   An affidavit of service was not filed on or before the return date of the order to
                    show cause.
                    The provisions outlined in the order to show cause were not complied with.
        _____   An excuse for the defendant(s) non-appearance was not set forth as required
                    pursuant to CPLR 5015(a)(1).
                    A meritorious defense was not set forth as required pursuant to CPLR 5015(a).

        ORDERED that all stays herein are vacated.

        _____   The defendant(s) motion, pursuant to CPLR 5015, for an order vacating and setting aside the
                    within judgment is set down for a traverse hearing at _____ a.m./p.m. on _____
                    20___ at First District court, 99 Main Street, Hempstead, New York.

        _____   The defendant(s) motion, pursuant to CPLR 5015 for an order vacating and setting aside the
                    within judgment is granted.

                    The answer annexed to the moving papers is deemed served and filed as of the
        _____   date of this order.
                    The defendant(s) are directed to serve an answer upon the plaintiff and file a copy
        _____   of the answer within twenty days of the date of this order.
                    The parties are directed to appear at the First District Court, 99 Main Street,
        _____   Hempstead, New York _____ Part on the _____ day of _____
                    20___ at _____.
                    The claim is dismissed.

Dated: Hempstead, NY
_____, 20___

                                                                        JDC

# **EXHIBIT G**



## APPELLATE TERM OF THE SUPREME COURT
## OF THE STATE OF NEW YORK FOR THE 9TH & 10TH JUDICIAL DISTRICTS

ANTHONY MARANO, P.J.
BRUCE E. TOLBERT
JERRY GARGUILO, JJ.

-----------------------------------------------------------------------x

DECISION & ORDER ON MOTION

Wanrong Zhai, Respondent, v Jeffrey Amster and
Laura Amster, Appellants, et al., Undertenants.

Appellate Term Docket No.
2016-2857 N C

Lower Court # LT 2540/16

-----------------------------------------------------------------------x

Motion by appellant Jeffrey Amster, in effect, for summary reversal of an order of the
District Court of Nassau County, First District, entered November 18, 2016, or, in the alternative,
for a stay pending the determination of an appeal therefrom.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it
is

ORDERED that the motion is denied.

ENTER:

Paul Kenny
Chief Clerk

JAN 2 7 2017

WANRONG ZHAI v AMSTER

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:

Jeffrey Amster and

Laura Amster

               Debtors,

--------------------------------------------------------X

Chapter 7
Case 8-17-70584-reg
L/T Index No 2016-2857NC

**ORDER TO SHOW CAUSE**
**For Relief From Stay**

---

### AFFIDAVIT

---

Yinghui He, P.C.
Attorney for Creditor/landlord

By: _____

Yinghui He, Esq.
139 Centre Street PH111
New York, New York 10013
(212) 226-4481

---

Certification pursuant to 130-1.1a of the Rules of the Chief Administrator (22NYCRR)

---