UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------

In re:                                                              Chapter 7

    Jeffrey Amster and                                   Case No. 817-70584-reg
    Laura Amster

--------------------------------------------------------

### OBJECTION TO APPLICATION SEEKING TO LIFT THE SECTION 362 AUTOMATIC STAY

1. I, Jeffrey Amster, submit this objection to the application to lift the automatic stay granted under section 362, submitted by Yinghui He, attorney for Landlord/Creditor Wanrong Zhai.

2. On Monday, February 13, 2017 I received papers in my mailbox from Yinghui He, the attorney for my landlord. The **ONLY** two (2) documents I received were the Notice of Appearance of Yinghui He; and an Affidavit of Yingui He.

3. On February 14, 2017, I appeared at the Clerk's Office, United States Bankruptcy Court, Eastern District Courthouse in Central Islip, to pay the filing fee due for this Chapter 7 proceeding. I explained to the Court that I had received these papers and asked her to check the case history online. She discovered that an Order Scheduling Hearing, for Wednesday, February 15, 2017 at 10:00am was issued by the Court. The Clerk printed and gave me a copy of the Court's Order Scheduling Hearing.

4. It states on the Court's Order Scheduling Hearing, "Ordered, that the Landlord shall serve a copy of this Order along with all supporting papers by hand delivery, facsimile, email, or overnight mail, upon the Debtors, the chapter 7 trustee, and the Office of the United States Trustee, on or before the end of the day February 10, 2017. Attached as "EXHIBIT A" is a copy of the USPS Mailing receipt that was affixed to the envelope. It shows that the envelope was mailed out on February 10, 2017 at 7:58pm, being sent 2 Day Mail for delivery on February 13, 2017. This is not in accordance with the Court's directive. Also attached as "EXHIBIT A" is the USPS tracking history for the envelope.

5. Landlord ONLY has a money judgment in the amount of $8510.00 (See Exhibit C of Affidavit of Yinghui He). If Debtors owed the Landlord $28,900.00, as the affidavit of Yinghui He states, why would Landlord's attorney be satisfied with the local court issuing a money judgment only in the amount of $8500.00.

6. It is the Debtors position that they will be able to cure the judgment within the thirty (30) days granted under the section 362 stay, and will then be filing Form 101B: Statement About Payment of an Eviction Judgment Against You.

7. Debtor have complied with Section 362(1)(1) of the Bankruptcy Code and Administrative Order No. 644, in that the debtors have delivered to the Clerk of the Court, together with the petition, money orders, made payable to the Landlord in the amount of $3,400.00, which Debtors certifies is the amount of rent that is to become due during the 30 day period after the filing of the petition.

8. Landlord's agent has not completed the Instructions to Clerk Regarding Rent Check Received Pursuant to section 362(1)(1), indicating that they are refusing to accept the rent.

9. Debtors were not notified in accordance with the Courts directive. Debtors are seeking a short adjournment, to be afforded the opportunity to retain counsel for assistance with this matter and to assist in completing the remaining phases of this Chapter 7 proceeding. Debtors have spoken with the Law Office of Anthony M. Vassallo, with the intentions of retaining the firm for this proceeding. Debtor has a telephone appointment scheduled for the afternoon of February 15, 2017, to set an appointment to retain the services of the law firm.

10. This Chapter 7 proceeding was commenced on February 1, 2017, prior to the service of the 72 Hour Notice and Warrant of Eviction, and prior to Debtors becoming aware that the Appellate Term had denied the application made by Order to Show Cause of the District Court matter. The Court should note, however, that there is still a current appeal pending before the Appellate Term, as Debtors have only certified the transcript of the November 18, 2016 District Court hearing which is the subject of the appeal. (See "EXHIBIT B" Instructions for Settlement of Minutes) on February 6, 2017.

11. Landlord's attorney is trying to mislead this Court, with incorrect and untrue statements regarding the District Court Non-Payment proceeding. I have attached as "EXHIBIT C" the Order to Show Cause, which Landlord's attorney is referring to in paragraph 10 of her affidavit. There were numerous building department code violations existing in the house, Landlord's attorney was repeatedly trying to use unlicensed and uninsured day laborers to perfect the repairs.

12. Debtors were never made aware that Yinghui He, is the agent for the Landlord Wanrong Zhai. In fact this property was listed by the Real Estate firm of American Dream Realty of Queens, Inc. and the Debtors dealt with the owner Michael Zhu and his wife Shirley Chen. Upon the signing of the lease, Debtors were informed to deal with Shirley Chen as she was the agent for the Landlord.

13. In response to paragraph no. 6 of the affidavit of Yinghui He, in particular the statement "any default in payment, Landlord is entitled to the money judgment and possession judgment without trial." This statement was not present on the Stipulation of Settlement that was entered into on July 28, 2016. The Debtor was the author of the Stipulation of Settlement, apparently after Debtor and his counsel affixed their signatures, this document was changed to include the default statement. The Stipulation drafted by the Debtor stated in the event of a default Landlord needed to make application to the court with service upon the tenants. This issue was also raised in the Order to Show Cause which was signed by the Honorable Ignatius L. Muscarella on November 2, 2016.

14. Debtors complied with the payment agreement as stipulated in the July 28, 2016 Stipulation of Settlement. When the parties appeared on November 18, 2016, Landlord's attorney Yinghui He, took the position that the house was deemed illegal by the Town of North Hempstead, and that Debtors needed to vacate the property immediately. I had explain to the Court that I made all of the required payments, and all the Landlord's attorney needed to do, was to show me which payments she was alleging were not made, and I would have money orders or bank checks sent over night to her office. It was after that statement that she told the Court that the Landlord does not have a Rental Permit, which is required under Town of North Hempstead

Code, thus the tenants need to vacate. The Judge got annoyed with the tactics the Landlord's attorney was playing and stated "the house is illegal, without a permit, tenants need to get out." The Judge never issued any money judgment in favor of the Landlord. It is because the record is so unclear, Debtors filed a Notice of Appeal on November 21, 2016 with the District Court and the matter has been transferred to the Appellate Term.

15. Landlord's attorney denies receiving the enveloping containing the August 31, 2016 payment, even though it was signed for and accepted by someone in her office (See "EXHIBIT D" UPS Overnight Mailing Receipt and Tracking Information).

16. As part of Exhibit C, the Court should notice to the Town of North Hempstead Building Codes, in particular §2-103 titled "Rental Occupancy Permit Required"; §2-113 titled "Rental Registration Required"; §2-115 titled "Collection of Rent"; §2-116 titled "Broker's Responsibility Prior to Listing"§2-117 titled "Broker's Responsibility After Renting" §2-118 titled "Offers to Rent" and §2-120 titled "Penalties For Offenses" The Landlord and her agent(s) are willfully violating the above mentioned sections of the Town code. Yinghui He is claiming that the Debtors caused this violations to exist, attached as "EXHIBIT E" the Court will find a copy of the Real Estate Listing from which the current owner Wanrong Zhai, purchased the property identified as 288 Continental Drive, New Hyde Park, NY, on page 1 of said listing under the section titled "Features" please note that it states 245 SQFT, Finished Basement.

17. Landlord's agent Yinghui He has purposely not included the Town of North Hempstead, Inspection Report, dated August 18, 2016, wherein the house passes the actual inspection requirements for the Issuance of a Rental Period. (See "EXHIBIT F" attached) The Court will note that the Inspector indicated on the report "Inspector will verify all work permitted before rental permit is issued. Site Inspection Passed." The issue now is that the basement was obviously "finished" by the prior owner, prior to selling the property to Wanrong Zhai, and the "finished basement" was done within the necessary permits being issued by the Town of North Hempstead.

18. Debtors have complied with the requirements of Section 362(1)(1) of the Bankruptcy Code and Administrative Order No. 644, and request that the 30 Day Stay not be lifted. In the alternative Debtors request a short adjournment to retain counsel to further assist with this matter and any remaining matters within this proceeding, or in the event that the Court is going to grant the application of the Landlord's agent, Debtors request that the Court grant sufficient time for Debtors to relocate their family. Debtor Jeffrey Amster is physically disabled and is presently undergoing treatment for Thyroid Cancer. Debtor Laura Amster is also disabled and is scheduled for a surgical procedure on March 31, 2017. In addition, two (2) of the Debtors young children required Special Education Services through the local school, and would require a minimal amount of time to have said services transferred to another school or school district without stopping the services and that having a negative impact upon their children.

_____
Jeffrey Amster, Debtor

# EXHIBIT "A"

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL



U.S. POSTAGE
$23.75
PME 1-DAY
10007 0007
Date of sale
02/10/17
06   2S00   SSK
08260070

**PRIORITY**
★ **MAIL** ★
**EXPRESS**™

R FASTEST SERVICE IN THE U.S.

WRITE FIRMLY WITH BALL POINT PEN ON HARD SURFACE TO MAKE ALL COPIES LEGIBLE.

EL297846131US



**CUSTOMER USE ONLY**

**FROM:** (PLEASE PRINT)   PHONE (   )

**PAYMENT BY ACCOUNT** (if applicable)

**DELIVERY OPTIONS** (Customer Use Only)

☐ **SIGNATURE REQUIRED** Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.
**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

**TO:** (PLEASE PRINT)   /PHONE (   )

ZIP + 4® (U.S. ADDRESSES ONLY)

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 Insurance Included.

**UNITED STATES POSTAL SERVICE** ®

**PRIORITY**
★ **MAIL** ★
**EXPRESS**™

**ORIGIN (POSTAL SERVICE USE ONLY)**

| ☐ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |
|---|---|---|---|
| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage $ | |
| Date Accepted (MM/DD/YY) | Scheduled Delivery Time ☐ 10:30 AM ☐ 3:00 PM ☐ 12 NOON | Insurance Fee $ | COD Fee $ |
| Time Accepted ☐ AM ☐ PM | 10:30 AM Delivery Fee $ | Return Receipt Fee $ | Live Animal Transportation Fee $ |
| Weight ☐ Flat Rate   lbs.   ozs. | Sunday/Holiday Premium Fee $ | Total Postage & Fees $ | |
| | Acceptance Employee Initials | | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |
|---|---|---|
| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |

LABEL 11-B, SEPTEMBER 2015   PSN 7690-02-000-9996   **3-ADDRESSEE COPY**

HEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.



13F July 2013   OD: 12.5 x 9.5



PS 10001000006

‡ Money Back Guarantee for U.S. destinations only.

# VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE





**UNITED STATES POSTAL SERVICE.**

2/14/2017                                   USPS.com® - USPS Tracking®

Tracking Number: EL297846131US


**Updated Delivery Day: Monday, February 13, 2017**
**Signed for By: WAIVED // NEW HYDE PARK, NY 11040 // 11:15 am**

## Product & Tracking Information

**Postal Product:**          **Features:**
                              PO to Addressee

| DATE & TIME | STATUS OF ITEM | LOCATION |
| --- | --- | --- |
| **February 13, 2017 , 11:15 am** | **Delivered, In/At Mailbox** | **NEW HYDE PARK, NY 11040** |

Your item was delivered in or at the mailbox at 11:15 am on
February 13, 2017 in NEW HYDE PARK, NY 11040.

| | | |
| --- | --- | --- |
| February 13, 2017 , 9:11 am | Out for Delivery | NEW HYDE PARK, NY 11040 |
| February 13, 2017 , 9:01 am | Sorting Complete | NEW HYDE PARK, NY 11040 |
| February 13, 2017 , 7:33 am | Arrived at Post Office | NEW HYDE PARK, NY 11040 |
| February 12, 2017 , 10:58 am | In Transit to Destination | |
| February 12, 2017 , 5:51 am | Departed USPS Facility | FLUSHING, NY 11351 |
| February 11, 2017 , 10:58 pm | Arrived at USPS Facility | FLUSHING, NY 11351 |
| February 11, 2017 , 8:32 am | Arrived at USPS Facility | NEW YORK, NY 10199 |

## Available Actions

### Track Another Package

**Proof of Delivery**          **Tracking (or receipt) number**

**Text Updates**                                                        Track It

**Email Updates**

                                                 ## Manage Incoming Packages

                                                 Track all your packages from a dashboard.
                                                 No tracking numbers necessary.

                                                 **Sign up for My USPS ›**



# EXHIBIT "B"

# Instructions For Settlement Of Minutes

Within 15 days after receiving the transcript, the **Appellant-the party who has lost in the trial court and who is appealing-** shall serve a copy of the transcript on the **Appellee-the party who must respond to an appeal brought by the losing party in the trial court-** with or without any proposed amendments. The Appellant must complete the enclosed form as to whether there are objections to the transcript and return the form to the court.

Within 15 days of receipt of the transcript from the Appellant, the Appellee will make any proposed amendments to the transcript and serve a copy of the amended transcript on the Appellant. If the Appellee has no objections to the transcript, service is not necessary. The Appellee must complete the enclosed form indicating whether or not there are objections to the transcript and return the form to the court.

If there are no objections to the transcript of minutes, the Appeal shall be perfected and forwarded to the Appellate Term.

If there are objections to the transcript of minutes, the case will be set down for a hearing and all parties shall be notified when to appear.

Failure of a party to return the enclosed form will be deemed a non-objection to the minutes. After 45 days of the courts receipt of the transcript, the case will be perfected and forwarded to the Appellate Term.

Appeals Dept.
516 493 4108

Instructions for
Settlement of
Minutes

# Settlement Of Minutes Form

Index No. LT 250-16/NA

|   |
|---|
| WANRONG ZHAI |
| v. |
| JEFFREY AMSTER; LAURA AMSTER |

Check appropriate box and return form to the court.

☑ I have no objections to the transcript of minutes.

☐ I have objections to the transcript of minutes.

Signature

☑ Appellant

☐ Appellee

02/06/2017
Date,

Settlement of
Minutes Form

# EXHIBIT "C"

DISTRICT COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU : HEMPSTEAD
WONRANG ZHAO

                                        Petitioner,

            -against-                                    **ORDER TO SHOW CAUSE**
                                                        **Index No. LT-2540-16**
JEFFREY AMSTER & LAURA AMSTER,
"JANE DOE" and "JOHN DOE"                               **72 HR.**
288 Continental Drive
New Hyde Park, New York 11040,

                        Respondents-Tenants.            **NOTICE**

Upon the annexed affidavit of Jeffrey Amster dated November 2, 2016, and the exhibits annexed

thereto, let the petitioner show cause at a Housing Part of the District Court the State of New York,

County of Nassau (Hempstead), at the Courthouse, 99 Main Street, Room 280, Hempstead, New York

11550 at 9:30 A.M. on the 18 day of November, 2016, or as soon thereafter as counsel can be heard,

why an order should not be made and entered herein:

1) staying the execution of a notice to vacate and warrant of eviction dated October 4, 2016

served by "nail-and-mail" upon the respondents on October 31, 2016 until such time as the court may

direct and for such other and further relief as the court may deem just and proper;

2) directing that this action be restored to the trial calendar for such further action as the court

may direct;

3) Directing refund by petitioner of all rent paid by respondents-tenants to date, as well as the

brokerage fee of $3,400, by reason of the petitioner's failure to obtain a rental permit from the Town of

Hempstead authorizing her to collect rent. (North Hempstead Town Code 2-115),

4) Directing the petitioner to cure the illegal alteration of the cellar;

*Ex N*

5) In the event that the respondents-tenants are required to leave by reason of the petitioner's unwillingness to cure the underlying code violations, granting the respondents-tenants ninety (90) days to vacate and re-locate;

5) granting such other and further relief as the court may deem just and proper.

**MEANWHILE AND PENDING THE HEARING OF THIS MOTION,** the petitioner, all persons acting concert with her and any Sheriff or Marshal, are hereby stayed from all measures to enforce the notice to vacate and execute the warrant of eviction dated October 31, 2016 and served upon the respondents on October 31, 2016.

**SUFFICIENT CAUSE APPEARING THEREFOR,** let service upon the Sheriff of 240 Old Country Road, Mineola, NY 11501 Nassau County by personal delivery of a copy of this order to show cause and supporting papers on or before November 1, 2016 be deemed good and sufficient service; and let service upon Yinghui He, attorney for the petitioner, by personal delivery to any person of suitable age and discretion at the law office of Yinghui He, located at 139 Centre Street, PH 111, New York, New York 10013 on or before November 7, 2016 OR by overnight courier, designated for next day delivery, to said attorney at her law office located at 139 Centre Street, PH 111, New York, New York 10013 be deemed good and sufficient service.

Dated Hempstead, New York
    November 2, 2016

Judge of the District Court

HON. IGNATIUS L. MUSCARELLA

DISTRICT COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU : HEMPSTEAD
WONRANG ZHAI

                                      Petitioner,

                    -against-                                    **AFFIDAVIT**
                                                                **Index No. LT-2540-16**
JEFFREY AMSTER & LAURA AMSTER,
"JANE DOE" and "JOHN DOE"
288 Continental Drive
New Hyde Park, New York 11040,

                    Respondents-Tenants.

_____

State of New York)
                      ss.:
County of Nassau )

        Jeffrey Amster, being duly sworn, deposes and says:

        1. I am a respondent in this summary proceeding and I submit this affidavit in support of

an application by the respondents-tenants for: 1) a stay of the enforcement or execution of the

notice to vacate and warrant of eviction dated October 31, 2016 (Exhibit A) and served upon the

respondents-tenants by "nail-and-mail" on October 31, 2016, 2) restoration of this action to the

trial calendar for trial or such other action as the court may direct and 3) for such other and

further relief as the court may deem just and proper.

        2. This proceeding was settled pursuant to a stipulation of the parties on July 28, 2016.

While the gold copy of said stipulation was provided to the respondents and is appended hereto

as Exhibit B, the document is virtually illegible.

        3. Upon information and belief, however, the stipulation never provided for entry of a

judgment or issuance of a warrant of eviction. Nonetheless, the October 31, 2016 notice to vacate

and warrant of eviction were issued and served without any further notice to respondents-tenants or any order of the court.

4. Since the respondents-tenants' copy of the stipulation was virtually illegible, upon inquiry, I was advised by the clerk of the court that the basis for the notice to vacate and warrant of eviction is that the petitioner has claimed that the respondents failed to make the second payment due thereunder and seeks to execute on the aforementioned warrant of eviction and recover possession of the subject premises.

5. The fact is that, on August 19, 2016, I had sent the second rent check to the Landlord's attorney for the period August 15, 2016 through September 14, 2016 but deducted the sum of $1,280.72 as the cost of the repairs described below and inclosed the receipts therefor.

6. A summary and breakdown of the necessary repairs is as follows:

Purchase of Smoke Detectors needed for Re-Inspection by Building
Department...............................................................................$18.45
AC Repairmen sent by Shirley to see if Central AC Unit could be repaired......... $75.00
Repair to Hot Water Heater - No Hot Water for 5 days -.............................. $197.70
Service Call for Central Non-functioning AC Unit......................................$257.44
(Since the windows then had gates and locks on them, the windows could not be opened to install window AC units. The living room windows are permanently sealed closed
Repair to In-ground Sprinklers - The Repairmen that Landlord's Attorney sent, could not fix the sprinkler system, and the water, instead of going to the sprinkler heads, was flooding the backyard and side of the house where there is cement and not grass. $732.13  Again, Shirley, the landlord's agent, was aware of these conditions and repairs, and she told me Landlord was aware.

Total Deducted by respondents-tenants: $1280.72

7. As the envelope containing the rent check materials described above was returned to me, on August 25, 2016, I re-sent the items described in paragraph 4, along with a $5,100.00 check, which would become due on August 31, 2016, by United Parcel Service to Yinghui He, Esq., designated for next day delivery, and the parcel was in fact delivered on August 26, 2016, by United Parcel Service (Exhibit C).

8. I then advised Yinghui He, Esq. that I would direct all further communication to Shirley Chen, the landlord's agent (Exhibit D) rather than to her.

9. The respondents, thus, never defaulted and complied with the terms of that stipulation and made all payments due thereunder, other than the October, 2016 rent, which became due on October 15, 2016.

10. To the contrary, even if rent were actually due, the petitioner cannot legally collect any rent by reason of her failure to obtain a rental permit from the Town North Hempstead.

11. Upon information and belief, the subject premises are within the jurisdiction of the North Hempstead Town Code and petitioner-landlord has not obtained a rental permit from the Town of North Hempstead and the same is required before a person may collect rent under sections 2-103, 2-104 and 2-115 of the North Hempstead Town Code.(Exhibit E)

12. The respondents pleaded this defense as their Second Affirmative Defense in the answer (Exhibit F) originally filed to the petition.

13. While certain repairs have been made by the landlord in an attempt to qualify for a rental permit, a re-inspection was conducted by a Town of North Hempstead inspector on or about August 18, 2016 and the premises once again failed the inspection. Consequently, no rental permit has been issued.

14. As contained in his response to my October 19, 2016 e-mail inquiry, inspector Anthony Laurino advised that the disqualifying code violation concerned a finished room in the cellar (Exhibit G).

15.The inspector advised that whoever constructed or finished that area did so without the required building permit. I have made no alterations to any part of the leasehold and the violation was apparently created prior to my lease and occupancy and left un-curred to date by the

landlord. Upon information and belief, a violation was issued to the landlord in early September, 2016. Inspector Laurino has further advised that the <u>owner</u> is now obligated to file and obtain a proper building permit to maintain a partially-finished cellar.

16. Moreover, given the landlord's continued and protracted failure to comply with the unambiguous law of the Town of North Hempstead 1) to cure the illegal construction and 2) obtain a rental permit, the tenants-respondents are entitled to a refund of the rent paid to the petitioner to date and, in addition, under the circumstances of this record, I am asking the court to direct that the petitioner reimburse us for moving expenses we will likely be required to pay and a refund of the broker's fee paid ($4,500.00 and $3,400.00, respectively). As the landlord appears unwilling to cure the illegal alteration and resulting condition, it is possible that my family and I will be possibly be required to move.

17. I am disabled and recently underwent surgery to remove a cancerous tumor in my thyroid. My wife is also disabled and two (2) of our four (4) children require special needs. Accordingly, to relocate, especially on the short notice sought by the petitioner, would be catastrophic and a serious hardship to my family.

18. It is virtual impossible to arrange to locate new quarters much less move within such time and the respondents ask the court to stay the execution of the warrant for a reasonable period of to permit us to continue efforts to locate a home and to move in an orderly fashion. Respondents-Tenants seem ninety (90) days to be a reasonable period of time to re-locate.

19. No prior application for the same relief has been made to any court or judge.

WHEREFORE, I ask that the relief sought in the order the order to show cause be granted in all respects.

Jeffrey Amster

Sworn to before me this
___ day of November, 2016

JOHN W. RUSSEL
Notary Public, State of New York
No. 02RU6185969
Qualified in New York County
Commission Expires April 28, ~~2012~~ 2020

EXHIBIT A

EDWARD P. MANGANO
COUNTY EXECUTIVE



MICHAEL J. SPOSATO
SHERIFF

**COUNTY OF NASSAU**
**SHERIFF'S DEPARTMENT**
240 OLD COUNTRY ROAD
MINEOLA, NY 11501-4245
516-571-2150

DISTRICT COURT – COUNTY OF NASSAU

Sheriff's File No.: 1661523

Petitioner

WANRONG ZHAI

    -against-

JEFFREY AMSTER AND LAURA AMSTER

               Respondent,

# NOTICE TO VACATE

**TAKE NOTICE** that a final judgement has been entered in the above proceeding awarding the Petitioner possession of the real property which you now occupy, and that a warrant has been issued directing that the Petitioner be put in possession.

Please be advised that if you have not vacated the premises after seventy-two hours have elapsed from the date of the service of this notice, your possessions will be removed in compliance with the court order and stored at:

**BENNETT MOVERS**
**307A FRONT STREET**
**HEMPSTEAD, N.Y.**
**(516) 352 - 1848**

It will be your responsibility to contact the storage facility directly in order to get your possessions back. After thirty days from the date your property is removed, you will be responsible for any additional storage costs.

Sheriff of Nassau County

Dated: 10/11/16
Mineola, N.Y.

By: _____
Deputy Sheriff

Note: If you are a <u>homeowner</u> facing foreclosure and require assistance, please contact the Nassau County Office of Housing, Homeownership Center's Hotline at 516-571-HOME(4663) or email mabreu@nassaucountyny.gov.

If you are a <u>tenant</u> and require legal assistance, contact the Nassau County Bar Association Lawyer Referral Information Service at 516-747-4832 or Nassau/Suffolk Legal Services at 516-292-8100

Nassau County District Court - 1st District
LANDLORD TENANT

Wanrong Zhai
vs.
Jeffrey Amster et al.

Index Number: LT-002540-16/NA

## WARRANT OF EVICTION

### TO THE SHERIFF OF NASSAU COUNTY

Final decision in favor of the petitioner(s) has been granted based on the judgment of possession entered in the Nassau County District Court - 1st District on 10/04/2016, which awarded the petitioner(s) the delivery of the premises:
(1) Wanrong Zhai

Therefore, you are commanded to remove the respondent(s) listed below:

(1) Jeffrey Amster
(2) Laura Amster

And all other persons from the following described premises, located in the County of Nassau and to put said petitioner(s) in full possession thereof:
(1) 288 Continental Dr, New Hyde Park, NY 11040-1004
Said property is further described as: All rooms on All floors

Witness,  Honorable James M. Darcy
        District Court Judge

Dated: 10/04/2016

Honorable James M. Darcy
District Court Judge

Sequence 1A

Warrant Issued Without Stay

2016 OCT 18 AM 9: 28
RECEIVED SHERIFF'S DEP'T.
NASSAU COUNTY, N.Y.

EXHIBIT B

DISTRICT COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Page 1 of 2

----------------------------------------x

Winning Zone,
                    Petitioner

Jericho American & Lawn
Angela                    Associates x

Part _____

STIPULATION _____

Index No. _LT- 2540-16_

Mot. Cal. No. _5/8_

Date _____

IT IS HEREBY STIPULATED AND AGREED by and between the below-named attorney(s) as follows:

① Respondents Motion for Summary Judgment
is withdrawn

② Landlord's Attorney sure provide to Respondent
a letter of Indemnification with respect to a
Repairs needed to be done on Subject Premises

③ Petitioner agrees to give Respondent $2 week
(grace) period (cost in acquisition of Respondent's
Claim for Storage fees

④ Respondent agrees to pay Petitioner the
sum of $11,900.00, said sum representing
all rental arrears owed to Petitioner
through today 7/28/16

⑤ Payments will Be made in accordance
with the schedule annexed at page 2 #16

Date: _____

So Ordered

ENTER: _____
          J.D.C.

Attorney for Plaintiff/Petitioner

Attorney for Defendant/Respondent

Attorney for Defendant/Respondent

M-3536  DC 293  3/02

**DISTRICT COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**

Page 2 of 2

Part ____

[illegible] Petitioner

v

[illegible]
[illegible] Respondents

x

STIPULATION ____

Index No. [illegible]

Mot. Cal. No. [illegible]

Date 7/28/10

IT IS HEREBY STIPULATED AND AGREED by and between the below-named attorney(s) as follows:

#6) Tenant agrees [illegible] [illegible] [illegible] arrears [illegible]

a) By [illegible] — $ [illegible]
b) By [illegible] — $ [illegible]
c) By 9/30/20[illegible] — $ [illegible]

#7) Tenant agrees to grant access to [illegible] [illegible] for [illegible] [illegible] [illegible]. [illegible] will be [illegible] with 2 days [illegible] Notice [illegible] and [illegible] by all Parties.

#8) [illegible]

Petitioner Attorney [illegible]

Date: July 28 [illegible]

Attorney for Plaintiff/Petitioner

So Ordered

Attorney for Defendant/Respondent

ENTER: ____
J.D.C.

Attorney for Defendant/Respondent

EXHIBIT C

## The UPS Store® PARCEL SHIPPING ORDER

PARCEL SHIPPING ORDER

No. 8 1 9 8 8 8 9 8

**PRINT NAME** Amber

**STREET** 672 Power 1

**CITY/STATE/ZIP** CA

CUSTOMER (please print)

**DATE** 8/25/16

**PHONE** 516-331-5793

**E MAIL** Jeve Ukersjmi.com

---

**PKG.**

**A**
**NAME** Vini Hui He
**STREET** 139 Central Square Dot
**CITY/STATE/ZIP** NYC, NY 10013
**E MAIL** Vinehuihehe@yahoo.com

**SENT TO:**
APT #
PHONE 212-236-0498

**B**
**NAME**
**STREET**
**CITY/STATE/ZIP**
**E MAIL**
APT #
PHONE

**C**
**NAME**
**STREET**
**CITY/STATE/ZIP**
**E MAIL**
APT #
PHONE

---

The UPS Store - #5338
Dogwood Plaza Shopping Center
672 Dogwood Ave
Franklin Square, NY 11010
(516) 292-0990

08/25/16  06:06 PM

We are the one stop for all your
shipping, postal and business needs.

Refunds made within 7 days with receipt
Custom Orders or Damages NON-REFUNDABLE


CORPORATE CARD RECEIPT

Card holder: AAA Member
Address  : San Diego CA


001 001040 (001)          TO $    8.82
   Ground Commercial
   Reg Unit Price    $    9.28
   CorpCard   (5.0%)$    0.46-
   Tracking# 1ZR433R20941042583

                    SubTotal  $    8.82
                       Total  $    8.82

                        Cash  $   10.82
                      Change  $    2.00-

---

1. Shipper's items, terms and conditions. We ("The UPS Store" either "TPW" or "You") will make, forward and/or pick parcels for customer ("YOU"). The carrier for all parcels accepted by You shall be UPS unless noted. You confirm the accuracy of Ship TO address.

2. We do not accept hazardous material, Other Regulated Material Or other restricted items. Certified Your contents.

3. We do not transport Your parcels. We assume no liability for the delivery of the parcels accepted for shipment or for loss or damage.

CUSTOMER COPY
www.theupsstore.com
© 2013 The UPS Store, Inc © 2013 EA, Revised (FORM #220103)

---

**CUSTOMER'S SIGNATURE**

X

TOTAL CHARGES $ 8.82

CENTER #
EMPLOYEES INITIALS

Thank You 5338

11/1/2016                                                    UPS: Tracking Information

 **Proof of Delivery**                          Close Window

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

| | |
|---|---|
| **Tracking Number:** | 1ZR433R20341842583 |
| **Service:** | UPS Ground |
| **Weight:** | .20 lb |
| **Shipped/Billed On:** | 08/25/2016 |
| **Delivered On:** | 08/26/2016 1:15 P.M. |
| **Delivered To:** | NEW YORK, NY, US |
| **Received By:** | HO |
| **Left At:** | Office |

Thank you for giving us this opportunity to serve you.

Sincerely,

UPS

Tracking results provided by UPS:   11/01/2016 1:34 P.M.   ET

   Print This Page                                    Close Window

EXHIBIT D

Workspace Webmail :: Print

Print  |  Close Window

—— Original message ——
From: JEFF <jeff@theamsters.com>
Date: 8/23/16 10:26 AM (GMT-05:00)
To: yinghui he <yinghuihelawfirm@yahoo.com>, John Russell <jwr10003@gmail.com>, Shirley Chen <schen@vandale.com>
Subject: Re: 288 Continental Drive

Counselor

According to the terms of the lease, I have five (5) days from the 15th to send the rent payment in. Also, please understand that the terms of my lease agreement, I was depositing the rent into the Landlord's bank, I was not mailing it to a third party.

You were informed by Shirley Chen, that I was mailing the rent check on August 19th, which was this past Friday.  You previously requested that I send the rent check to your office, certified mail, which I have done. The post office advised me, that certified mail takes approximately five (5) business days. So I would expect that the check should arrive in the mail around the 26th, and you will see that it was postmarked on the 19th.

I have no problem arranging with Shirley to pick up future payments, she is much more pleasant to deal with.

Since I will be dealing with Shirley directly from this day forward, I aver that this shall be the last communication we have.

Jeff Amster

CONFIDENTIALITY NOTICE:
THE CONTENTS OF THIS EMAIL & ANY ATTACHMENTS ARE INTENDED SOLELY FOR THE ADDRESSEE(S) AND MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION WHICH MAY BE LEGALLY PROTECTED FROM DISCLOSURE.  IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL OR, IF THIS EMAIL HAS BEEN SENT TO YOU IN ERROR, PLEASE IMMEDIATELY ALERT THE SENDER BY EMAIL, THEN DELETE THIS EMAIL & ANY ATTACHMENTS.
IF YOU ARE NOT THE INTENDED RECIPIENT, KINDLY TAKE NOTICE THAT ANY USE, DISSEMINATION, COPYING, OR STORAGE OF THIS EMAIL, OR ITS ATTACHMENTS IS STRICTLY PROHIBITED.

Copyright © 2003-2016. All rights reserved.

EXHIBIT E

## § 2-100.  Legislative intent.

The Town Board has determined that there exist in the Town of North Hempstead serious conditions arising from rental of dwelling units that are substandard or in violation of the Town Code and that tend to overburden municipal services and to promote or encourage deterioration of the housing stock of the Town. The Board finds that new Code provisions will serve to halt the proliferation of such conditions and that the public health, safety, welfare and good order and governance of the Town will be enhanced by enactment of the regulations set forth in this article.

## § 2-101.  Definitions.

As used in this article, the following terms shall have the meanings indicated:

CODE ENFORCEMENT OFFICER — The Commissioner of Buildings or the Commissioner of Public Safety of the Town of North Hempstead or their delegates or assistants. [Amended 2-10-1998 by L.L. No. 3-1998]

DWELLING UNIT — A structure or building or part thereof or an area, room or rooms therein, occupied or to be occupied by one or more persons as a home or residence.

OWNER: [Amended 5-18-1999 by L.L. No. 6-1999] —

A.  Owner, lessee, agent or other person in control of a dwelling unit or any other person or persons or entity or entities having the right to possession of a dwelling unit, except: [Amended 1-29-2008 by Ord. No. 1-2008]

   (1) A Public Housing Authority organized as such under the laws of the State of New York;

   (2) A cooperative corporation whose offering statement or prospectus has been accepted by the New York State Attorney General for filing under General Business Law § 352-e; and

   (3) A not-for-profit corporation organized to own and operate a low-income or moderate-income senior-citizen housing project in conjunction with the New York State Division of Housing and Community Renewal.

B.  Under this definition, a tenant can be an "owner" in relation to a subtenant.

RENT — A return, in money, property or other valuable consideration (including payment in kind or services or other thing of value), for use and occupancy or the right to the use and occupancy of a dwelling unit, whether or not a legal relationship of landlord and tenant exists between the owner and the occupant or occupants thereof.

RENTAL DWELLING UNIT — A dwelling unit established, occupied, used or maintained for rental occupancy.

RENTAL OCCUPANCY — The occupancy or use of a dwelling unit by one or more persons as a home or residence under an arrangement whereby the occupant or occupants thereof pay rent for such occupancy and use. There is a rebuttable presumption that any

occupancy or use of a dwelling unit is a "rental occupancy" if the owner of the building containing the dwelling unit does not reside in the same building.

## § 2-102. Applicability; more restrictive provisions to prevail.

A.  Scope. This article shall apply to all rental dwelling units located within the unincorporated area of the Town, whether or not the use and occupancy thereof shall be permitted under the applicable use regulations for the zoning district in which such rental dwelling unit is located, as in this article provided.[1]

B.  Applicability. The provisions of this article shall be deemed to supplement applicable state and local laws, ordinances, codes and regulations; and nothing in this article shall be deemed to abolish, impair, supersede or replace existing remedies of the Town, county or state or existing requirements of any other applicable state or local laws, ordinances, codes or regulations. In case of conflict between any provision of this article and any applicable state or local law, ordinance, code or regulation, the more restrictive or stringent provision or requirement shall prevail. The issuance of any permit or the filing of any form under this article does not make legal any action or statement of facts that is otherwise illegal under any other applicable legislation.

## § 2-103. Rental occupancy permit required.

It shall be unlawful and a violation of this article and an offense within the meaning of the Penal Law of the State of New York for any person or entity who owns a dwelling unit in the Town to establish, maintain, use, let, lease, rent or suffer or permit the occupancy and use thereof as a rental occupancy without having a valid permit for such rental occupancy, as herein provided.

## § 2-104. Application for rental occupancy permit.

A.  Application for a rental occupancy permit for a rental dwelling unit shall be made in writing to the Building Department on a form provided by the Building Department for that purpose.

B.  Such application shall be filed in duplicate and shall contain:

(1)  The name, address and telephone number, if any, of the owner of the dwelling unit intended for rental occupancy.

(2)  The street address and Tax Map description (section, block and lot or lots) of the premises intended for rental occupancy or the premises in which the rental dwelling units intended for occupancy are located.

---

1.  Editor's Note: See Ch. 70, Zoning.

(3) The number of persons under and over the age of 18 and the dates of birth of each person presently residing in or occupying such premises intended for rental occupancy. **[Amended 6-29-2004 by L.L. No. 4-2004]**

(4) A description of the structure, including:

    (a) The number of rental dwelling units in the structure;

    (b) The number of persons intended to be accommodated by and to reside in each such rental dwelling unit; and

    (c) The number of rooms and the dimensions and use of each room in the structure but outside of the rental dwelling units.

(5) For each rental dwelling unit, a description of the unit, including:

    (a) The number of rooms in the rental dwelling unit; and

    (b) The dimensions and use of each such room.

(6) The name, address and telephone number, if any, of the managing agent or operator of each such intended rental dwelling unit.

C.  Such application shall be signed by the owner of the premises, and the statements of such owner therein contained shall be verified under oath. If an owner is a natural person permanently residing outside of Nassau, Suffolk, Queens, Kings, New York, Richmond, Bronx and Westchester Counties, the application may be signed on behalf of the owner and may be verified by a managing agent having personal knowledge of the facts.

D.  Such application shall be accompanied by the following:

(1) A property survey of the premises drawn to a scale not greater than 40 feet to one inch; or if not shown on the survey, a site plan, drawn to scale, showing all buildings, structures, walks, drives and other physical features of the premises and the number, location and access of existing and proposed on-site vehicle parking facilities.

(2) A building permit application, properly prepared, for all proposed buildings, improvements and alterations to existing buildings on the premises, if any.

(3) A copy of the certificate of occupancy or certificate of existing use. No application will be accepted without the submission of a valid certificate of occupancy or certificate of existing use. **[Amended 6-3-2003 by L.L. No. 6-2003]**

E.  In the case of a condominium unit, the application shall be accompanied by a scale drawing or floor plan of the condominium unit, in lieu of a survey or site plan.

**§ 2-105. Fees.**

A.  Permit application fee. A nonrefundable permit application fee shall be paid, upon filing an application for a rental occupancy permit, in accordance with the Town of North Hempstead Fee Schedule. **[Amended 4-11-2006 by L.L. No. 5-2006]**

B.  For a rental occupancy permit application submitted by a person 62 years of age or over, in connection with a single rental dwelling unit contained in the primary residence of the applicant, the permit application fee shall be the amount indicated in the Town of North Hempstead Fee Schedule. This provision shall not apply to applications for more than one rental dwelling unit in the same structure, nor shall it apply to applications for rental dwelling units located in structures other than the primary residence of the applicant. **[Amended 4-11-2006 by L.L. No. 5-2006]**

C.  The fee for a multiple-residence inspection under § 2-28C(10) shall be waived for any applicant who pays the fee for a rental occupancy permit under this article, because the inspection provided under this article will also serve as a multiple-residence inspection.

D.  The fees required by this section shall be waived for any applicant which demonstrates that it is a not-for-profit housing development corporation organized under the laws of the State of New York and that it is providing housing for senior citizens or other designated special populations subject to income guidelines established by either federal or state regulation.

## § 2-106. Review of application.

The Code Enforcement Officer shall review each application for completeness and accuracy and shall make an on-site inspection of the proposed rental dwelling unit or units. If satisfied that the proposed rental dwelling unit or units, as well as the premises in which the same are located, comply fully with all applicable state and local laws, ordinances, rules and regulations of the county and Town and that such rental dwelling unit or units would not create an unsafe or dangerous condition or create an unsafe and substandard structure as defined in Chapter 2A of the Town Code or create a nuisance to adjoining nearby property, the Code Enforcement Officer shall issue the permit or permits.

## § 2-107. Term of permits.

All permits issued pursuant to this article shall be valid for a period of two years from date of issuance.

## § 2-108. Register of permits.

It shall be the duty of the Code Enforcement Officer to maintain a register of permits issued pursuant to this article. Such register shall be kept by street address, showing the name and address of the permittee, the number of rental dwelling units at such street address, the number of rooms in each such rental dwelling unit and the date of expiration of permit for such unit.

### § 2-109. Smoke detector device and carbon monoxide alarm. [Amended 6-3-2003 by L.L. No. 6-2003]

No permit shall be issued or renewed until the Code Enforcement Officer shall inspect the rental dwelling unit to determine that it is equipped with a functioning smoke detector device and carbon monoxide alarm, in compliance with New York State Uniform Fire Prevention and Building Code.

### § 2-110. Inspections.

The Code Enforcement Officer is authorized to make or cause to be made inspections to determine the condition of rental dwelling units. The Code Enforcement Officer is authorized to enter, upon consent of the owner if the unit is unoccupied or upon consent of the occupant if the unit is occupied, any rental dwelling unit and the premises in which the same is located, at the reasonable time or at such other time as may be necessary in an emergency for the purpose of performing duties under this article.

### § 2-111. Application for search warrant authorized.

The Code Enforcement Officer is authorized to make application to the District Court of Nassau County or other court of competent jurisdiction for the issuance of a search warrant, to be executed by a police officer, in order to conduct an inspection of any premises covered by this article where the owner or occupant refuses or fails, after due notice by certified mail, to allow an inspection of the rental dwelling unit or premises and where there is reasonable cause to believe that a violation of this article or a violation of the Multiple Residence Law, the New York State Uniform Fire Prevention and Building Code, the Nassau County Fire Prevention Ordinance or the Town Code has occurred. The application for a search warrant shall, in all respects, comply with applicable laws of the State of New York.

### § 2-112. Revocation of permit.

A.  The Code Enforcement Officer shall revoke a rental occupancy permit where he or she finds that the permit holder has caused, permitted, suffered or allowed to exist and remain upon the premises for which such permit has been issued, for a period of 10 days or more after written notice has been given to the permit holder or the managing agent of such rental dwelling unit, a violation of the Multiple Residence Law, New York State Uniform Fire Prevention and Building Code, the Nassau County Fire Prevention Ordinance or a violation of this article or other chapter of the Town Code. Revocation of a permit under this subsection cannot be done by a delegate or assistant of the Code Enforcement Officer.

B.  An appeal from such revocation may be taken by the permit holder to the Town Board, by written request, made within 30 days from the date of such revocation. The Town Board shall hold a public hearing on such appeal within 30 days after receipt of written notice of such appeal and, after such hearing, shall make written findings, a conclusion and a decision either sustaining such permit revocation or

reinstating such permit within 30 days after close of such public hearing. Unless the Town Board directs otherwise in circumstances constituting serious threats to health and safety, the filing of an appeal shall stay the effectiveness of a permit revocation until the Town Board has considered and ruled upon the issue.

## § 2-113. Rental registration required.

It shall be unlawful and a violation of this article and an offense within the meaning of the Penal Law of the State of New York for any owner to permit any tenant or other person to take up residence by a rental occupancy in any dwelling unit without the owner's first having completed and filed with the Code Enforcement Officer a rental registration form approved by the Commissioner of Buildings. A new form must be filed whenever a dwelling unit or portion thereof has become vacant and the owner intends to permit a new tenant or other person to take up residence.

## § 2-114. Confidentiality of rental registration.

Under Public Officers Law § 872(b), rental registration forms and that portion of the rental occupancy permit application required under § 2-104B(3) shall be exempt from disclosure under the Freedom of Information Law,[2] on the grounds that such disclosure would constitute an unwarranted invasion of personal privacy. The Code Enforcement Officer will institute strict policies to ensure that such information is available only to Town personnel who are engaged in the enforcement of the provisions of this article.

## § 2-115. Collection of rent.

The following shall be conditions precedent to the collection of rent for the use and occupancy of any dwelling unit:

A.   The issuance of a rental occupancy permit for the premises, as required by § 2-103;

B.   The filing of a valid rental registration form for the tenancy as required by § 2-113; and

C.   The tendering of a written receipt in exchange for any rent payment offered in cash.

## § 2-116. Broker's responsibility prior to listing. [Amended 6-19-2012 by L.L. No. 10-2012]

It shall be unlawful and a violation of this article and an offense within the meaning of the Penal Law of the State of New York for any broker or agent to list, show or otherwise offer for lease or rent on behalf of the owner any dwelling unit for which a current rental occupancy permit has not been issued by the Code Enforcement Officer. It shall be the broker or agent's duty to verify the existence of a valid permit before acting on behalf of the owner.

---

2.   Editor's Note: See Art. 6 of the Public Officers Law.

### § 2-117. Broker's responsibility after renting.

Any broker or agent who has earned a commission or other compensation for renting or leasing a dwelling unit must, within five business days of earning said commission or other compensation, file with the Code Enforcement Officer a rental registration form, unless the owner has already filed such a form in the meantime. Failure to file shall be unlawful and a violation of this article and an offense within the meaning of the Penal Law of the State of New York.

### § 2-118. Offers to rent.

No owner, broker or agent shall publish a written offer or solicitation of offers to rent or lease a rental dwelling unit, unless that offer or solicitation refers by number to a valid rental occupancy permit for the rental dwelling unit in question. For purposes of this section, "publish" means to promulgate to the general public or to selected segments of the general public, in a newspaper, magazine, flyer, handbill, mailed circular, bulletin board, sign or electronic media. Violation of this section shall be unlawful and an offense within the meaning of the Penal Law of the State of New York.

### § 2-119. Presumptions applicable to rental registration enforcement and prosecutions. [Added 5-2-2006 by L.L. No. 7-2006[3]]

A.  Within the context of rental registration enforcement and prosecutions, the presence or existence of any of the following shall create a rebuttable presumption that a premises is being used as a rental occupancy:

    (1)  The property is occupied by someone other than the owner, and the owner of the property represents in writing or otherwise, to any person or establishment, business, institution or government agency, that he resides at an address other than the rental property;

    (2)  Utilities, cable, phone or other services are in place or requested to be installed or used at the premises in the name of someone other than the record owner;

    (3)  There are separate entrances for segregated parts of the dwelling;

    (4)  There are partitions or internal doors which may serve to bar access between segregated portions of the dwelling, including but not limited to bedrooms;

    (5)  There exists a separate written or oral lease or rental arrangement, payment or agreement for portions of the dwelling among its owner(s) and/or occupants and/or persons in possession thereof;

    (6)  Any occupant or person in possession thereof does not have unimpeded and/ or lawful access to all parts of the dwelling unit;

---

3.    **Editor's Note:** This local law also renumbered former §§ 2-119 through 2-121 as 2-120 through 2-122, respectively.

(7) Two or more kitchens each containing one or more of the following: a range, oven, hot plate, microwave or other similar device customarily used for cooking or preparation of food and/or a refrigerator;

(8) A premises has been advertised in any newspaper, magazine, local advertising publication, or posted or billed as being available for rent.

B. Within the context of rental registration enforcement and prosecutions, the presence or existence of any two of the following shall create a rebuttable presumption that a premises is being used as a rental occupancy:

(1) There is more than one mailbox at the premises;

(2) There is more than one gas meter at the premises;

(3) There is more than one electric meter at the premises;

(4) There is more than one doorbell at the premises;

(5) There are three or more motor vehicles registered to the dwelling and each vehicle owner has a different surname;

(6) There are more than three waste receptacles, cans, containers, bags, or boxes containing waste from the premises placed for pickup at least twice during a weekly garbage pickup period; or

(7) There is no electric meter annexed to the exterior of the premises.

C. The presumptions set forth in Subsections A and B above, subject to the limitations contained therein, shall also be applicable to enforcement and prosecution of residential illegal use and occupancy violations.

D. Nothing herein shall be construed to prevent persons living together as a family unit, with the owner, as defined by this Code.

## § 2-120. Penalties for offenses. [Amended 6-3-2003 by L.L. No. 6-2003; 5-2-2006 by L.L. No. 7-2006]

A. Any person, association, firm or corporation which violates any provision of this article or assists in the violation of any provision of this article shall be guilty of a violation, punishable:

(1) By a fine of not less than $1,000 and not exceeding $5,000 or by imprisonment for a period not to exceed 15 days, or both, for conviction of a first offense.

(2) By a fine of not less than $5,000 nor more than $10,000 or by imprisonment for a period not to exceed 15 days, or both, for conviction of the second offense.

    (3) By a fine of not less than $10,000 nor more than $20,000 or by imprisonment for a period not to exceed 15 days, or both, for conviction of the third or subsequent offense of a series of offenses, all of which were committed within a period of five years.

B. Each week's continued violation shall constitute a separate additional violation.

## § 2-121. Severability.

If any clause, sentence, paragraph, section or part of this article shall be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair or invalidate the remainder thereof but shall be confined in its operation to the clause, sentence, paragraph, section or part thereof directly involved in said judgment.

## § 2-122. Implementation.

A. For rental dwelling units in structures containing four or fewer rental dwelling units, this article shall be effective on January 1, 1997, or upon filing with the Secretary of State, whichever is later. No violation of this article will be charged prior to March 31, 1997, and no violation of this article regarding failure to obtain a permit will be charged against a person or entity which:

    (1) Has filed the necessary application in proper form and in good faith, with all required information and attachments, on or before March 31, 1997;

    (2) Has consented to an inspection of the premises in question; and

    (3) Has not received a final determination on the application, for reasons over which the applicant has no control.

B. For rental dwelling units in structures containing more than four rental dwelling units, this article shall be effective on January 1, 1998. For such structures, no violation of this article will be charged prior to March 31, 1998, and no violation of this article regarding failure to obtain a permit will be charged against a person or entity which:

    (1) Has filed the necessary application in proper form and in good faith, with all required information and attachments, on or before March 31, 1998;

    (2) Has consented to an inspection of the premises in question; and

    (3) Has not received a final determination on the application, for reasons over which the applicant has no control.

EXHIBIT  F

STATE OF NEW YORK
DISTRICT COURT OF NASSAU
COUNTY OF NASSAU
WANRONG ZHAI,

                          Petitioner-Landlord,

          -against-

JEFFREY AMSTER & LAURA AMSTER,
"JANE DOE" and "JOHN DOE"
288 Continental Drive
New Hyde Park, New York 11040,

                        Respondents-Tenants.

DISTRICT COURT
OF NASSAU COUNTY

2016 JUN 8  AM 9:37

FIRST DISTRICT CIVIL PT

**AMENDED
VERIFIED ANSWER**
**Index No. LT-2540-16**

The respondents-tenants, Jeffrey Amster and Laura Amster, by their attorney, John W. Russell, for their amended verified answer to the verified petition herein allege:

1. Denies each and every allegation contained in paragraph "7" of the petition.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1," "4," "5," "6" of the petition.

3. Denies so much of paragraph of the petition as may purport to allege that

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

4. The amount claimed due by the petitioner is inaccurate.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

5. Upon information and belief, the subject premises are within the jurisdiction of the North Hempstead Town Code and petitioner-landlord has not obtained a rental permit from the Town of North Hempstead and the same is required before a person may collect rent under sections 2-103, 2-104 and 2-115 of the North Hempstead Town Code.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

6. The Three-Day Notice was not served upon the respondents-tenants in accordance with law and inaccurately alleges that the premises were rented as "furnished" when the premises were, in fact, rented as is."

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

7. The Petitioner-Landlord was supposed to remove all his furniture or personalty from the premises prior to commencement of occupancy but failed to do so. The respondents-tenants were thus forced to make independent arrangements for the removal of said property in order to commence occupancy and do not owe the petitioner-landlord the sum of $298.60, as alleged on paragraph 6 of the petition.

8. In fact, as a result of the petitioner's default in performance, the respondents-tenants have been forced to pay the sum of $298.60 for a storage unit to store much of their own furniture since the landlord's furniture or personalty takes up at least half the leasehold and garage, depriving the respondents-tenants of the use and quiet enjoyment of the complete leasehold while the petitioner-landlord charges, and the respondents-tenants pay, the full rent under the lease.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

9. The Three-Day Notice was not served upon the respondent-tenants in accordance with law and the court lacks jurisdiction over the persons of respondents-tenants.

10. In addition, the affidavit of service is defective in that a) it fails to state the name of the person alleged to have been served, b) the alleged mailing is alleged to have taken place prior to the alleged physical service or delivery, c) the purported physical description alleged does not

comport with a physical description of any person at the subject premises. Moreover, the United States Postal Service Receipt For Certified Mail does not bear a postmark and does not appear to have been processed through a US Post Office. Accordingly, the respondents-tenants demand a traverse hearing.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

11. The notice of petition and petition is not accompanied by an affidavit of non-military service.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

12. The petitioner-Landlord has failed to remove the gates and window bars scattered throughout the premises, as promised, and is also in breach of the lease on that ground.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

13. Upon information and belief, the premises are defective and would not pass an inspection under the Town Code of North Hempstead since 1) the stairs by the front door and going from the main level to the bedrooms are loose and hazardous; 2) the railing or banister when you enter the house is loose and hazardous; 3) there is a leak in the main water line into the house which the petitioner-landlord has failed to repair and, instead, has a pair of vice-grip pliers holding the line in place and stemming the flow of water.

14. These conditions described are inherently dangerous and, upon information and belief, constitute a violation of the lease and the Town Code of North Hempstead. The court should direct that an inspection of the leased premises be made by the town of North Hempstead forthwith and further direct that the petitioner-landlord forthwith perform any repairs which are directed by the Town of North Hempstead or are required to permanently cure all conditions complained of herein or cited by the Town of North Hempstead.

## AS AND FOR A COUNTERCLAIM

15. The petitioner-landlord owes the respondents tenant such sum as the court mat direct at trial 1) for its failure to deliver possession of the full leasehold; 2) for the cost of the monthly storage unit necessitated by the petitioner-landlord's failure to perform as promised at the rate of $98.60 per month from December 15, 2015 to the present, a total of seven (7) months, or at least $ 2,090.20, plus interest, to date.

**WHEREFORE,** the respondents-tenants demand judgment 1) dismissing the verified petition in all respects; 2) the entry of a judgment against the petitioner-landlord and in favor of the respondents-tenants in the amount of $2,090.20, plus interest at nine per cent (9%) from December, 2015 to the present; 3) the award of such amounts as the court may deem just and proper as and for reasonable attorneys' fees and the costs of the defense of this action; and 4) such other and further relief as the court may deem just and proper.

Dated, New York, New York
        June 7, 2016

John W. Russell
Attorney for Respondents-Tenants
Jeffrey Amster & Laura Amster
60 East 12th Street
New York, New York 10003
Tel.: 917-224-2260
Fax: 212-673-5718

State of New York )
                ss.:
County of Nassau  )

Jeffrey Amster, being duly sworn, deposes and says:

I am a respondent-tenant in this action.

I have read the foregoing answer with counterclaim and know the

contents thereof to be true; except as to matters alleged therein upon information and belief and,

as to those matters, I believe them to be true.

The basis of my knowledge is personal knowledge, the lease, the Town Code of

North Hempstead and public records.

_____
Jeffrey Amster

Sworn to before me this
7th day of June, 2016.

JOHN W. RUSSEL
Notary Public, State of New York
No. 02RU6185969
Qualified in New York County
Commission Expires April 28, 2020

EXHIBIT    G

Print | Close Window

Subject: RE: 288 Continental Drive, Manhasset Hills, NY
   From: Anthony Laurino <laurinoa@northhempsteadny.gov>
   Date: Thu, Oct 20, 2016 8:31 am
     To: 'JEFF' <jeff@theamsters.com>

Hi,
The issue with the property is the finished room in the cellar. Whoever constructed / finished that area did so without filing the proper Building Permits. The owner is now responsible to file a permit to "maintain a partially finished cellar". The owner also has the option of removing the alteration and returning the area back to its original condition.

If you have any other questions let me know.
Thanks

---

**From:** JEFF [mailto:jeff@theamsters.com]
**Sent:** Wednesday, October 19, 2016 12:11 PM
**To:** Anthony Laurino
**Subject:** 288 Continental Drive, Manhasset Hills, NY

Hello can you advise of the status of the Rental Permit for the above referenced address.

I am the tenant at the property and the landlord is advising that there are still open issues preventing the permit from being issued.

Trying to find out what the issues may be so I can resolve them.

Thank you for help.


J. Amster

CONFIDENTIALITY NOTICE:
THE CONTENTS OF THIS EMAIL & ANY ATTACHMENTS ARE INTENDED SOLELY FOR THE ADDRESSEE(S) AND MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION WHICH MAY BE LEGALLY PROTECTED FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL OR IF THIS EMAIL HAS BEEN SENT TO YOU IN ERROR, PLEASE IMMEDIATELY ALERT THE SENDER BY EMAIL, THEN DELETE THIS EMAIL & ANY ATTACHMENTS.
IF YOU ARE NOT THE INTENDED RECIPIENT, KINDLY TAKE NOTICE THAT ANY USE, DISSEMINATION, COPYING, OR STORAGE OF THIS EMAIL, OR ITS ATTACHMENTS IS STRICTLY PROHIBITED.

Copyright © 2003-2016. All rights reserved.

DISTRICT COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU : HEMPSTEAD
WONRANG ZHAO;

Petitioner,

-against-

JEFFREY AMSTER & LAURA AMSTER,
"JANE DOE" and "JOHN DOE"
288 Continental Drive
New Hyde Park, New York 11040,

Respondents-Tenants.

---

## ORDER TO SHOW CAUSE & SUPPORTING PAPERS

---

**John W. Russell**
**Attorney for Respondents-Tenants Jeffrey Amster & Laura Amster**
**60 East 12th Street**
**New York, New York 10003**
**Tel.: 917-224-2260**
**Fax: 212-673-5718**

---

**Service of a copy hereof is admitted**

---

**Counsel:**

Please take **Notice** that the within is a true copy of an order duly entered herein on

Please take **Notice** that the within is a true copy of an order which will be presented for settlement to the Hon.                                    , one of the justices of this court on

**John W. Russell**
**Attorney for**
**60 East 12th Street**
**New York, New York 10003**
**Tel.: 917-224-2260**
**Fax: 212-673-5718**

# EXHIBIT "D"

# The UPS Store® PARCEL SHIPPING ORDER

**CUSTOMER (please print)**

PRINT NAME: _Hustler_    DATE: _8/25/16_

STREET: _672 Dogwood_    PHONE: _516-331-5750_

CITY/STATE/ZIP: _FS_    E MAIL: _Jalleenbanstrs.cm_

PARCEL SHIPPING ORDER No. **87161576**

| PKG. | SENT TO: | LIST ALL CONTENTS | DECLARED VALUE | C.O.D. AMT. | ZONE | WT | DIM. WT. | CK. ONE | Pkg. Charges Amt | Type |
|---|---|---|---|---|---|---|---|---|---|---|
| **A** | NAME: _Ying Hui He_ <br> _139 Centre Street_ <br> STREET: _NYC, NY 10013_ APT.# <br> CITY/STATE/ZIP: _Suite Pull1_  PHONE: _212-226-4481_ <br> E MAIL: _Yinghuihclawfirm @ Yahoo.com_  EPSO# | _Doc_ | $ | $ | | 1 | | ☐ UPS NEXT DAY AIR EARLY A.M. <br> ☐ UPS NEXT DAY AIR <br> ☐ UPS 2ND DAY AIR A.M. <br> ☐ UPS 2ND DAY AIR <br> ☐ UPS 3RD DAY SELECT <br> ☑ UPS GROUND | 9.28 <br><br> -.46 | SHP CHG <br> DEC VAL <br> COD <br> PKG LABOR <br> PKG MAT <br> AAA |
| | ☐ RESIDENTIAL ☑ COMMERCIAL | ☑ PACKED BY CUSTOMER | | BREAKABLE ☐ YES ☑ NO | REPLACEABLE ☑ YES ☐ NO | SEE #3 BELOW | SEE BACK | | | |
| **B** | NAME: <br> STREET: APT # <br> CITY/STATE/ZIP: PHONE <br> E MAIL: EPSO# | | $ | $ | | | | ☐ UPS NEXT DAY AIR EARLY A.M. <br> ☐ UPS NEXT DAY AIR <br> ☐ UPS 2ND DAY AIR A.M. <br> ☐ UPS 2ND DAY AIR <br> ☐ UPS 3RD DAY SELECT <br> ☐ UPS GROUND | | SHP CHG <br> DEC VAL <br> COD <br> PKG LABOR <br> PKG MAT |
| | ☐ RESIDENTIAL ☐ COMMERCIAL | ☐ PACKED BY CUSTOMER | | BREAKABLE ☐ YES ☐ NO | REPLACEABLE ☐ YES ☐ NO | SEE #3 BELOW | SEE BACK | | | |
| **C** | NAME: <br> STREET: APT # <br> CITY/STATE/ZIP: PHONE <br> E MAIL: EPSO# | | $ | $ | | | | ☐ UPS NEXT DAY AIR EARLY A.M. <br> ☐ UPS NEXT DAY AIR <br> ☐ UPS 2ND DAY AIR A.M. <br> ☐ UPS 2ND DAY AIR <br> ☐ UPS 3RD DAY SELECT <br> ☐ UPS GROUND | | SHP CHG <br> DEC VAL <br> COD <br> PKG LABOR <br> PKG MAT |
| | ☐ RESIDENTIAL ☐ COMMERCIAL | ☐ PACKED BY CUSTOMER | | BREAKABLE ☐ YES ☐ NO | REPLACEABLE ☐ YES ☐ NO | SEE #3 BELOW | SEE BACK | | | |

1. Subject to these terms and conditions, this The UPS Store® center ("We" or "Us") will receive, forward and/or pack parcels for customer ("You" or "Your"). The carrier for all parcels accepted by Us shall be UPS unless noted here ____. Your true name and address appear on the shipping label. You confirm the accuracy of "Ship To" address (____ initial here).

2. We do not accept hazardous material, Other Regulated Material-D class (ORM-D), illegal items or articles of unusual value, including but not limited to cash. See carrier tariff or service guide for other restricted items. Certified locations may accept some forms of ORM-D.

3. We do not transport Your parcels. We assume no liability for the delivery of the parcels accepted for shipment or for loss or damage by any cause to the parcels or their contents while in transit. You agree that carrier's liability

for lost or damaged parcels is limited by the provisions in this PSO. You agree to all terms and conditions on this PSO whether or not declared value is purchased. Driver may deliver without a signature unless You request a signature on delivery and pay any applicable charge for such service. Carrier is not liable for loss or damage occurring after delivery.

(Continued on back.)

CUSTOMER COPY    www.theupsstore.com    © 2013 The UPS Store, Inc.® (2013 Ed., Rev.2013) (FORM #220105)

| | |
|---|---|
| SUB-TOTAL | $ |
| TAX | |
| TOTAL CHARGES | $ 8.82 |

**CUSTOMER'S SIGNATURE**

I certify that I agree to the terms and conditions herein, and that the stated contents and the value of each package listed is truthful and complete.

SIGN HERE X _[signature]_

_Thank You_ 5338

CENTER #

EMPLOYEE'S INITIALS _MS_

---

The UPS Store – #5338
Dogwood Plaza Shopping Center
672 Dogwood Ave
Franklin Square, NY 11010
(516) 292-0900

08/25/16  06:05 PM

We are the one stop for all your shipping, postal and business needs.

Refunds made within 7 days with receipt
Custom Orders or Damages NON-REFUNDABLE

CORPORATE CARD RECEIPT

Card Holder: AAA Member
Address   : San Diego CA

001 001040 (001)
Ground Commercial
Reg Unit Price $      9.28
Corp Card        (5.0X)$  0.46-
Tracking# 1Z4R33R2034184Z583

TO $      8.02

SubTotal         8.82
Total            8.82

Cash            10.82
Change           2.00-

11/1/2016                                    UPS: Tracking Information

 **Proof of Delivery**

Close Window

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

**Tracking Number:**            1ZR433R20341842583
**Service:**                    UPS Ground
**Weight:**                     .20 lb
**Shipped/Billed On:**          08/25/2016
**Delivered On:**               08/26/2016 1:15 P.M.
**Delivered To:**               NEW YORK, NY, US
**Received By:**                HO
**Left At:**                    Office

Thank you for giving us this opportunity to serve you.

Sincerely,

UPS

Tracking results provided by UPS:   11/01/2016 1:34 P.M.   ET

   Print This Page                                    Close Window

# EXHIBIT "E"

12/2/2016                              288 Continental Dr, Manhasset Hills, NY 11040 | Zillow

City, State, or Zip 🔍

| **288 Continental Dr, Manhasset Hills, NY 11040** |

 

# 288 Continental Dr,
## Manhasset Hills, NY 11040

**4 beds · 2.5 baths · 9,545 sqft**

Edit home facts for a more accurate Zestimate.

Call LISTING AGENT THE LUPO TEAM FOR APPOINTMENT {516-312-4614 } 4
Bedroom spit with 2.5 updated baths, living room with vaulted ceilings.
formal dining room.master w/ full bath, family room with sliding doors to
back yard, hardwood floors, lg property. Herricks school dist

**WHAT I LOVE ABOUT THE HOME**

Manhasset Hills Prime location

**FACTS**

Lot: 9,545 sqft
Single Family
Built in 1963
All time views: 7,744
Cooling: Central

Heating: Other
Last sold: Jul 2015 for $850,100
Last sale price/sqft: $89
Great solar potential
Sun Number™: 83

**FEATURES**

345 sqft basement
Finished basement
Flooring: Hardwood, Tile
Garden

Lawn
Parking: Garage - Attached, 2
spaces, 2 sqft garage
Patio

♡ **SOLD: $850,100**
Sold on 07/31/15
Zestimate®: $825,386

Est. Refi Payment
$3,329/mo

12/2/2016                          288 Continental Dr, Manhasset Hills, NY 11040 | Zillow

**ADDITIONAL FEATURES**
  new roof

**APPLIANCES INCLUDED**
  Dishwasher                  Refrigerator
  Dryer                       Washer

**ROOM TYPES**
  Dining room                 Family room

**CONSTRUCTION**
  Exterior material: Brick    Room count: 8          Structure type: Other
  Roof type: Other            Stories: 2             Unit count: 1

**OTHER**
  Floor size: 9,545 sqft      Lot depth: 115 ft      Zillow Home ID: 31098923
  Heating: Gas                Lot width: 84 ft
  Laundry: In Unit            Parcel #: 08269 00140

# EXHIBIT "F"

## Town of North Hempstead
### Department of Building, Safety, Inspection & Enforcement
## Inspection Report

| Inspector: _Caruana_ | | Date: _3/18/14_ |
|---|---|---|
| Address: _388 Covington Dr, New Hyde PK_ | | Time: _12:12 pm_ |
| Permit # | SBL# | CSR# |

**Inspection for:** Rental Permit.

- Smoke Alarm installed on Lower Level / Cellar.

- Rod Removed from Chimney.

  ✗ Cellar cannot be used as Habitable Space
  and no sleeping at any time is allowed
  in Cellar.

  Inspector will verify all work permitted
  before Rental Permit is issued.

  Site Inspection Passed

( Partial Pass )

☐ PASS   ☐ FAIL   ☐ NOTICE OF VIOLATION

This inspection report is limited to the items identified hereon. This inspection report
does not imply completion or acceptance of any conditions not specifically
identified hereon. Failed items require re-inspection.

Inspector:

Owner/Rep Print:

Sign:                                                      Date